## LOCKWOOD v. KITTERINGHAM.

1. **Injunction:** JURISDICTION: PRACTICE. To restrain the enforcement of a judgment by special execution the remedy by injunction must be pursued in the county and court where the judgment was rendered upon which the special execution issued.

2. ——: ——: ——. The remedy is not thus limited when it is sought to restrain the sale, under a general execution, of property alleged to belong, not to the judgment defendant but to a third person, who seeks the injunction.

*Appeal from Harrison District Court.*

WEDNESDAY, DECEMBER 29.

On the 29th day of April, 1875, the plaintiff presented her petition to the Hon. C. H. Lewis, judge of the District Court

of the fourth judicial district, stating that she is the absolute owner of certain real property therein described, situated in the town of Missouri Valley, Harrison county, with the building thereon; that she had been such owner for two years prior to the presentation of said petition; that at the October term 1874, of the Harrison Circuit Court, the defendant, Henry Kitteringham, obtained a judgment against Henry Lockwood, the husband of plaintiff, for $25.00 debt and $67.00 costs of suit; that at the March term 1875 of said Circuit Court, said Kitteringham procured an enlargement of said judgment so as to operate as a mechanic's lien upon the said real property of the plaintiff; that plaintiff was not a party to said action and had no notice of pendency of the proceedings resulting in the establishment of said mechanic's lien upon her property; that an execution has been sued out on said judgment under which the sheriff of the county has levied upon the said real property of the plaintiff and is about to sell the same. An injunction was prayed to restrain the enforcement of the execution against the plaintiff's property, and was issued upon the filing of a bond as provided in the order allowing the writ.

At the June term 1875 of the District Court, the defendant, Kitteringham, filed an answer and moved the court to dissolve the injunction, which motion was sustained on the ground that the District Court and judge had no jurisdiction to grant the writ or entertain the cause. Plaintiff appeals.

*Mickel & Shoemaker*, for appellant.

*T. E. Brannan*, for appellee.

MILLER, CH. J.—Section 3396 of the Code provides that, "when proceedings in a civil action, or on a judgment or final order, are sought to be enjoined, the suit must be brought in the county and court in which such action is pending, or the judgment or order was obtained."

The petition shows that the judgment, upon which the execution sought to be enjoined was issued, was made a special lien upon the property in the petition described, and the exe-

cution was issued for the purpose of enforcing this lien by a sale of the property. The record does not expressly state that the execution was a special one, but since an execution to enforce a judgment establishing a mechanic's lien should be special, it will, unless the contrary appears, be presumed that it was so in this case. The injunction is sought for the purpose of restraining the enforcement of the judgment by special execution. In the language of the section of the Code above quoted, it is sought to enjoin proceedings on a judgment, and should, therefore, have been commenced in the Circuit Court where the judgment was rendered.

This is not like a case where it is sought to enjoin the sale of property under a general execution, where it is alleged that the property does not belong to the defendant in execution but to a third person who seeks the injunction. In such case it is not sought to enjoin proceedings under the execution, or the proceedings on the judgment. The officer having the writ is left free and unobstructed in proceeding to carry out the mandate of his writ, by making the moneys therein specified from the property of the defendant in the execution. The injunction is sought only to prevent the officer from committing a wrong, under color of his writ, by seizing property not belonging to the defendant in execution, but where it is sought to enjoin the sale of property levied upon under a special execution, it then comes within the provisions of the statute which require that the injunction must be sought in the county and court where the judgment was rendered, for the injunction in such case, when issued, has the effect to stay proceedings on the judgment. The mandate of the injunction restrains the officer from doing that which the execution in his hands commands him to do.

The ruling of the court below was right and its judgment will be

AFFIRMED.