## GRATTAN v. MATTESON.

1. **Judgment :** ACTION TO VACATE : WHERE TO BE BROUGHT. In an action to set aside a judgment and restrain the collection thereof, on the ground that it had been rendered without jurisdiction, it was *held* that section 3396 of the Code, requiring the action to be brought in the county and court in which the judgment had been rendered, was applicable thereto.

*Appeal from Winneshiek District Court.*

FRIDAY, SEPTEMBER 19.

THE plaintiff filed a petition alleging that he is the owner of certain described lands; that on or about the 10th day of May, 1873, the defendant filed in the office of the clerk of the Circuit Court a writing purporting to be a confession of judgment made by John Lawrence and Alexander Lawrence to the defendant herein; that upon the filing of said paper in said office the clerk of the Circuit Court, on the 10th day of May, 1873, entered judgment in said court in favor of the defendant, S. W. Matteson, and against the said John Lawrence and Alexander Lawrence, for the sum of seven hundred dollars, and interest and costs; that the defendant now claims that the judgment so entered is a valid and subsisting judg- ment of said Circuit Court in his favor, for the amount aforesaid, and a valid and subsisting lien on all the real estate in petition described, prior and superior to the interest of the plaintiff therein; that the defendant has caused a writ of execution to be issued on said judgment, and the sheriff has levied on all of said lands, and has advertised them for sale on the 26th day of November, 1878; that the claim, and pretense made by defendant that said judgment is a valid and subsisting judgment and lien is a false and fraudulent pre- tense and a cloud upon the title of plaintiff; that at the time of the rendition of the judgment by the said Circuit Court the said court had under the then existing law no jurisdiction

or authority to enter judgments on confession; that the said court had no jurisdiction to render said judgment, for the reason that the confession, or the statement accompanying the same, was not verified by the oaths of John and Alexander Lawrence, and the court had no legal evidence before it that the statement had been so verified.

The plaintiff prays that his title to the lands may be established; that as to him the judgment against John and Alexander Lawrence be declared fraudulent and void; that the writ of execution and the levy thereunder are void; that the defendant be barred from claiming any right to the premises; that the defendant be temporarily enjoined from making sale of said premises under the execution; and that, upon the final hearing, the injunction be made perpetual. Attached to the plaintiff's petition is an abstract of title, showing that his title is derived through a sheriff's sale of the premises, under a judgment against John Lawrence, rendered on the 18th day of October, 1876. The judge of the Winneshiek District Court ordered that a temporary injunction issue as prayed, upon the filing of a bond in the sum of five hundred dollars, conditioned as by law required.

On the 19th day of November, 1878, the plaintiff filed a bond in the sum of five hundred dollars, and a temporary injunction issued as prayed, and was duly served.

On the 2d day of January, 1879, the defendant filed a motion to dissolve the injunction, on the following grounds:

1. On the face of the petition the order for an injunction was improperly granted in this: The petition alleges facts that show that said injunction is sought to restrain proceedings under judgment recovered in the Circuit Court of Iowa, in and for said county, and this court has no jurisdiction herein.

2. There is no bond filed in this cause, as by law provided, in this: The petition asks an injunction to restrain the collection of a judgment for the sum of seven hundred dollars, and the bond filed herein is for only five hundred dollars, and the

said bond is not conditioned to pay such judgment, if said injunction is not made perpetual.

3. There is no allegation in the petition that serious injury or embarrassment to the title of plaintiff is likely to result from allowing the sale of the premises described in the petition to proceed under the execution therein set forth.

On the 10th day of January, 1879, by consent of parties, said motion was heard by the Hon. Reuben Noble, judge of said court, and the motion was overruled.

The defendant excepted, and now appeals.

*Brown & Wellington*, for appellant.

*E. E. Cooley* and *Willett & Willett*, for appellee.

DAY, J.—Section 3396 of the Code provides: "When proceedings in a civil action or on a judgment or final order are

1. JUDGMENT: action to vacate: where to be brought.

sought to be enjoined, the suit must be brought in the county and court in which such action is pending, or the judgment or order was obtained."

In *Lockwood v. Kitteringham*, 42 Iowa, 257, it was said in substance that this section is not applicable where it is sought to enjoin the sale of property under a general execution, where it is alleged that the property does not belong to the defendant in execution, but to a third person who seeks the injunction. This question was not involved in that case, and what was there said concerning it is *obiter*. This *dictum*, if it should be conceded to present a correct statement of the law, is not applicable to the case at bar. In this case it is conceded that the property in question was, at the time of the rendition of the judgment sought to be enjoined, the property of the judgment defendant; and the injunction is sought, not upon the ground that the property is not liable for the satisfaction of the judgment, if valid, but solely upon the ground that the judgment is void, and, for that reason, no lien upon the property. It is plain that this proceeding does not involve the question of the ownership of the property at the date of

the rendition of the judgment, but the validity of the judgment itself. It is claimed that section 3396 is not applicable because it is alleged that the judgment in question is void, and hence no judgment. But it can be determined that the judgment is void only by judicial investigation. In form there is a judgment in the Winneshiek Circuit Court against John and Alexander Lawrence, which is a lien upon the property in controversy. In *Anderson v. Hall,* 48 Iowa 346, this section was applied to a proceeding to enjoin an execution issued upon a judgment alleged to be void. That case is decisive of this.

The conclusion which we have reached renders a determination of the other questions presented unnecessary if not improper.

REVERSED.