J. E. FERRIS, Appellant, v. ELI GRIMES et al., Appellees.

**JUDGMENT:** Enjoining Proceedings—Unallowable Venue. An action will not lie in one county to enjoin proceedings on a judgment rendered in another court in another county, even though plaintiff's action is based on the claim that the judgment is wholly void. (See Book of Anno., Vol. 1, Sec. 12527.)

Headnote 1: 34 C. J. p. 484.

*Appeal from Cherokee District Court.*—B. F. BUTLER, Judge.

OCTOBER 25, 1927.

Action in equity by the plaintiff, brought in Cherokee County, to set aside judgment rendered in the municipal court of Des Moines, Polk County, and to enjoin the collection of same on a writ of execution issued out of the office of the clerk of said municipal court. To the plaintiff's petition the defendant filed a motion to dismiss, which was sustained, and the plaintiff appeals.—*Affirmed.*

*Claud M. Smith,* for appellant.

*Franklin Brown* and *W. P. McCulla,* for Eli Grimes, appellee.

*Molyneux, Maher & Meloy,* for C. L. Holden, appellee.

WAGNER, J.—It is averred in plaintiff's petition, in substance, that, in an action in the municipal court of Des Moines, Polk County, Iowa, wherein the defendant Grimes was plaintiff, and the plaintiff herein was one of the defendants, a judgment in the amount of $318.68 and costs amounting to $10.35, was rendered, on October 31, 1921, in favor of Grimes against this plaintiff; that the said municipal court had no jurisdiction of the person of this plaintiff at the time of the rendering of said judgment, for the reason that said judgment was a default judgment, and that the notice of the suit was served on the plaintiff on the 13th day of October, 1921, which notice required the plaintiff to appear on the 24th day of September, 1921; that a writ of execution upon said judgment has been issued out of the office of the clerk of said municipal court, directed to the sheriff of Cherokee County; that the defendant Holden, who is a resident of Cherokee County, and debtor to the plaintiff in a considerable amount of money, has been garnished thereunder; that the plaintiff has been served with notice of said garnishment proceedings; that the defendant Holden has made his answers in the municipal court of Des Moines, and unless restrained from so doing, will pay the plaintiff's money into the hands of said municipal court, to be applied upon the aforesaid judgment.

He prays that the said judgment be decreed to be null and void, and that all proceedings thereon or thereunder, and upon the execution, and upon the garnishment proceedings, be held to be null and void, and that the defendants be perpetually enjoined from applying any moneys owed to the plaintiff by the defendant Holden to the payment of said judgment.

To this petition the defendants filed a motion to dismiss, on the ground alleged therein that:

"This is an action brought to enjoin the collection of a judgment heretofore rendered in the municipal court of Des Moines, Iowa, and that the district court of Cherokee County, Iowa, is without jurisdiction in this matter, for the reason that such an action can be maintained only in the court and county in which the judgment was rendered."

From the ruling of the lower court, sustaining the motion to dismiss, the plaintiff has appealed.

It is the contention of the plaintiff that a void judgment is no judgment, and that any district court of the state, having acquired jurisdiction of the necessary parties, has jurisdiction to enjoin proceedings under a void judgment rendered elsewhere in the state.

The answer to this contention of the plaintiff's, applicable to the averments in plaintiff's petition, is found in our statutory law and in the repeated pronouncements of this court. Section 12527, Code of 1924, provides:

"When proceedings in a civil action, or on a judgment or final order, are sought to be enjoined, the action must be brought in the county and court in which such action is pending or the judgment or order was obtained."

There is an exception in the statute, which has not been quoted, but the exception does not apply to the instant case. We have repeatedly held that injunction to restrain proceedings on a judgment must be pursued or brought in the county and court in which the judgment was obtained. *Hawkeye Ins. Co. v. Huston,* 115 Iowa 621; *Lockwood v. Kitteringham,* 42 Iowa 257; *Anderson v. Hall,* 48 Iowa 346; *Bennett v. Hanchett,* 49 Iowa 71; *Grattan v. Matteson,* 51 Iowa 622; *Ulber v. Dunn,* 143 Iowa 260; *Brunk v. Moulton Bank,* 121 Iowa 14. The municipal court has jurisdiction over controversies such as the one in the instant case. Section 10655, Code of 1924. In the language of Section 12527 of the Code, hereinbefore cited, the plaintiff is seeking to enjoin proceedings on a judgment. *Lockwood v. Kitteringham,* supra. As said in *Grattan v. Matteson,* supra:

"It is claimed that Section 3396 [now Section 12527, Code of 1924] is not applicable, because it is alleged that the judgment in question is void and hence no judgment. But it can be determined that the judgment is void only by judicial investigation."

The place for this judicial investigation is fixed by the statute in the county and court in which the judgment was obtained. The Cherokee County district court has no power or jurisdiction to issue an injunction restraining proceedings on the judgment.

The judgment of the district court is—*Affirmed.*

Evans, C. J., and Stevens, De Graff, and Kindig, JJ., concur.