IN RE ESTATE OF SERENA C. SPAHR.

DORIS JANE KUHLEMEIER, Appellee, v. CARRIE J. KUHLEMEIER et al., Appellees; BERTHA FOSTER, Appellant.

No. 40009.

APRIL 14, 1930.

*Seerley & Clark* and *John Hale,* for Bertha Foster, appellant.

*Mohland & Kuhlemeier,* for Doris Jane Kuhlemeier and Carrie J. Kuhlemeier, appellees.

*Hirsch & Riepe,* for Julia C. Benner, appellee.

STEVENS, J.—The case was tried below upon an agreed statement of facts, from which it appears that Serena C. Spahr died testate on February 10, 1927. Her will contains eight paragraphs, which are, in substance, as follows: Paragraph 1 directs her executrices to pay her just debts and funeral expenses; Paragraph 2 appoints and designates Julia C. Benner and Carrie J. Kuhlemeier executrices, without bond; Paragraphs 3 and 4 are as follows:

"3. I give and bequeath to my sisters, Julia C. Benner and Carrie J. Kuhlemeier of Burlington, Iowa, and Bertha Foster, my niece residing at Burlington, Iowa, R. R. share and share alike.

"4. I give and bequeath to my niece Doris Jane Kuhlemeier, Burlington, Iowa, all the rest and residue of my estate after the debts and above bequests are paid, together with my large diamond pin with 30 diamonds."

Paragraph 5 gives the silverware of testatrix to Myrtle Brower and Ila Crawford; Paragraph 6 bequeaths a bracelet to Julia E. Keehn; Paragraph 7 gives $200 to the Methodist Church of Mt. Pleasant; Paragraph 8, a small diamond ring and diamond pin to Julia Benner, and two diamond and a garnet ring to Carrie Kuhlemeier. In this paragraph the testatrix expresses a desire to retain enough money for the upkeep of the graves of her father, mother, sisters, and herself, and that a small headstone be placed at her own grave.

The controversy is as to the construction and effect to be given to Paragraphs 3 and 4 of the will.

It will be observed that no property capable of identification is described in Paragraph 3. All that is there found are the capital letters "R.R." The succeeding paragraph bequeaths to Doris Jane Kuhlemeier the residue of the estate, together with a large diamond pin with thirty diamonds, after the debts and preceding bequests have all been paid.

The contention of the appellee Carrie J. Kuhlemeier, who appears as the next friend of Doris Jane Kuhlemeier, is that the property described in Paragraph 4 of the will must be disposed of as intestate property. It is stipulated that the heirs at law of Serena C. Spahr are three sisters, two brothers, two nieces, and two nephews. John R. Crawford, the father of Doris

Jane Kuhlemeier, residuary legatee, is living, and, if the property were distributed according to the law of descent, she would take nothing. Carrie J. Kuhlemeier would, however, take one share, as the sister of the deceased. It is perfectly manifest that no effect can be given to Paragraph 3 of the will. It designates and carries nothing to the legatees named therein. Just what property the testatrix intended to leave the legatees named therein cannot be ascertained. It may have been much or little. The total estate, exclusive of jewelry, was of the approximate value of $12,000. The court below held that Paragraph 3 is wholly void, but that the remaining paragraphs of the will should be carried out according to their terms. This, as to all of the property specifically disposed of by the will, gives effect to the clearly expressed wish and intention of the testatrix. It is, of course, obvious that, if Paragraph 4 of the will be carried out, the residuary estate will be enriched to the extent of whatever property the testatrix intended to dispose of by the preceding paragraph.

Counsel contends that emphasis should be given to the words found in Paragraph 4 ''after the debts and above bequests are paid.'' It seems to us that these words have little significance. The bequest to Doris Jane Kuhlemeier was of the residue of the estate, after the specific bequests in the remaining paragraphs of the will were carried out. The omission of the words quoted adds nothing to the legal effect of the instrument, and, if Paragraph 3, in fact, disposed of property capable of identification, would also be without practical effect. The residuary estate is enriched, not because of the language referred to therein, but because of the invalidity of the preceding paragraph. It was clearly not the intention of the testatrix that the residue of her estate be disposed of as intestate property, but that it should pass to the beneficiary named. This is true because of the clear language of the bequest, and also because of the further fact that Doris Jane Kuhlemeier is not an heir at law of the testatrix's, and would otherwise take nothing.

It is the well settled rule in this state that effect must be given to the intention of the testator, if that is capable of ascertainment; that every part of the will is to be given effect, if possible; and that partial intestacy will be avoided, if possible. To hold that the invalidity of Paragraph 3 requires that the residuary

clause, or the instrument as a whole, be denied effect, would utterly destroy, rather than carry out, the intention of the testatrix clearly expressed in numerous paragraphs of the will. What motive prompted testatrix to make Doris Jane Kuhlemeier her residuary legatee cannot be ascertained from the language of the will. This affords no substantial reason in this case why she should be denied the part given her. The intention of the testatrix to make Doris Jane Kuhlemeier the sole beneficiary of her residuary estate is clearly expressed.

None of the cases cited in the briefs of counsel afford any real assistance in the interpretation of the will, except, perhaps, *Dreyer v. Reisman*, 202 N. Y. 476 (96 N. E. 90), and *Leggett v. Stevens*, 185 N. Y. 70 (77 N. E. 874).

The rules for the construction of wills are familiar, and do not require restatement in this opinion. The cases referred to throw a little light upon the question presented, but are otherwise of no aid. It seems to us that effect should be given to every clause and paragraph of the will. The conclusion reached is in harmony with all recognized rules of construction. We therefore hold that the finding or order of the trial court should be, and it is,—*Affirmed*.

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.