GLEN H. GEISINGER et al., appellees and cross-appellants, v. CHRYSTAL GEISINGER et al., appellants.

CHRYSTAL GEISINGER, executrix, et al., appellants, v. GLEN H. GEISINGER et al., cross-appellants.

No. 47574.

(Reported in 41 N. W. 2d 86)

284

FEBRUARY 7, 1950.

Cornwall & Cornwall, of Spencer, and Whitney, Whitney & Stern, of Storm Lake, for Chrystal Geisinger et al., appellants.

Pendleton & Pendleton, of Storm Lake, for Glen H. Geisinger et al., appellees and cross-appellants.

Mack & Mack, of Storm Lake, for Forrest M. Ainsley, appellee and cross-appellant.

White & White, of Storm Lake, for Arlo W. Geisinger, appellee.

OLIVER, J.—H. V. Geisinger died October 14, 1946, aged eighty-five years, survived by three daughters, Forrest M. Ainsley, Chrystal G. Geisinger, and Charlotte I. Beasley; three sons, Glen H., Lawrence J., and Arlo W. Geisinger, and certain grandchildren. His estate, not including certain farm land previously conveyed to his children, was valued at approximately $200,000. His will was executed October 21, 1939. The first item gave to each of his six children the life use of a separate farm.

The second, third, fourth, and sixth items of the will are not here essential.

The fifth item provides that upon the death of any child the property in which such child had a life estate shall vest in any surviving children by blood of ·said child, but if there are none it shall revert to the estate and be divided among testator's remaining children and the children by blood of any deceased child.

"Seventh, Should any legatee, including any child of mine, attempt by contest of the court to break this will or object to the probating thereof they shall forfeit thereby any right granted to them by this will, intending that any action by them in the matter of a contest of this will shall avoid any gift to them. In such case the gifts made to such child or legatee shall as to life use go to the remaining children of my own for life, and upon the death of all of my children shall then vest in the children of such contesting child, if any such children by blood shall survive."

Eighth item appoints Arlo W. Geisinger executor. (Set out and revoked in first codicil, hereinafter set out at length.)

"All the rest and residue of my estate I hereby give, devise and bequeath to my children [naming them] share and share alike, subject however to the foregoing provisions of this will."

The first codicil executed January 4, 1944, provided:

"I hereby revoke and cancel that part of Item Eight which reads as follows; 'Item 8, I hereby name and appoint Arlo W. Geisinger as executor of this Will and Testament and should he be unable to act at any time then I direct the appointment of my son, Lawrence J. Geisinger as executor, in either case they shall qualify without bond and the fees for their services in acting as such executor shall not exceed the sum of $1,000.00.'

"My reason for making this revocation is that since the execution of the will heretofore mentioned certain conditions have developed whereby I feel it would be better for all concerned for the change in my executor as formerly mentioned and I wish it thoroughly understood by all the heirs that I have not been in any manner what-so-ever influenced by any of my direct heirs in making this change and that should any of these heirs cause any trouble or disturbance relative to this change in my Last Will and Testament then and in that event they shall forfeit their right or rights as the case may be under my last Will and Testament.

"It is my desire that Item Eleven [Eight?] should be amended as follows: 'I hereby name and appoint my daughter Chrystal Geisinger, as executrix of this my Last Will and Testament and that she shall qualify without bond and the fee for

her services in acting as such shall not exceed the sum of $1,000.00.'

"Item 11A. I hereby direct my daughter, Chrystal Geisinger, shall be given the privilege of purchasing the home in which I now live, being Lot 9, Block Five, Robbins Addition to Storm Lake including all the contents thereof for the sum of $3500, and it is my desire that the said Chrystal Geisinger shall have the above described property for the said sum of $3500 if she so desires regardless of the value of the property and contents thereof at the time of my death or regardless of any other offer the estate may receive from any source what-so-ever for the sale of said property."

September 11, 1945, testator executed a second codicil to his will, which provided:

"Item One of my Last Will and Testament is hereby revoked as I have, since making the said Will, deeded the properties mentioned in Item One to the various children to which properties I had left them a life estate only. The said deeds making Item One null and void which is my reason for making this Codicil to my Last Will and Testament.

"On January 4th, 1944 I made and executed Codicil Number One * * * in which Codicil I changed the party appointed as executor from Arlo W. Geisinger, my son, to Chrystal Geisinger, my daughter, she to serve without bond and her fees for such services shall not exceed the sum of $1,000.00.

"I now provide and direct that my sons, Glen Geisinger, Arlo Geisinger and Lawrence Geisinger shall under no circumstances or conditions occupy or attempt to occupy, nor operate nor attempt to direct the operation of any of the real estate in my estate at the time of my death and that they shall under no conditions be allowed to or have any voice in the operation of any of the assets of my estate.

"I further provide that my daughter, Chrystal Geisinger, shall hold in trust all of the assets of my estate at the time of my death, regardless of the nature and kind of such assets which shall be held in trust by her until the death of each and everyone of my children and further upon the death of each and all of my children the remaining assets in my estate be given in fee simple to my then living grandchildren to be divided equally

between them share and share alike. The said Chrystal Geisinger as Executor and Trustee shall have full control and power over my estate, shall operate the said estate including the real estate, if any, according to her own judgment and desires and out of the income from the said estate she shall first pay all taxes and other expenses incurred in the operation of the said estate, including her own fee as trustee and attorney fee, if any, and the balance of the said income she shall distribute to my children at such time and in such manner as she deems best."

The will with the two codicils was offered for probate by Chrystal Geisinger. Charlotte Beasley and her minor daughter and Lawrence Geisinger and his sons also joined as proponents. Glen H. Geisinger, Forrest M. Ainsley and Arlo W. Geisinger objected to the admission to probate of the two codicils but asked that the will be admitted. Trial resulted in a directed verdict against the objectors and the admission to probate of the will and the two codicils. Thereafter the present action was instituted by Glen H. Geisinger, his wife and children (one a minor) and Forrest Ainsley and her husband for a construction of the will and codicils and an adjudication that the trust provisions and certain other provisions of the codicils were invalid. Defendants were Chrystal Geisinger and the other proponents of the two codicils.

Defendants' answer asserted the will and codicils were valid and not ambiguous. Defendants also prayed as affirmative relief against plaintiffs and against Arlo W. Geisinger (brought into the case by cross-petition) that their rights in the estate be held forfeited, under forfeiture provisions of the will and first codicil, by their objections to the probate of the will and also, except as to Arlo, by the instant action. The trial court adjudged valid the provisions of the codicils questioned by plaintiffs, and construed the will and codicils contrary to the contentions of plaintiffs, but refused to adjudge the forfeitures sought by defendants. Defendants appealed from the adjudication of nonforfeiture. Thereafter plaintiffs appealed from the other parts of the judgment. Arlo Geisinger has not appealed.

Plaintiffs' appeal will be considered first.

I. The second codicil to the will recites in part:

"I * * * provide that * * * Chrystal * * * shall hold in trust all of the assets of my estate * * * until the death of each and everyone of my children * * * the remaining assets * * * be given in fee simple to my then living grandchildren * * *. * * * Chrystal * * * shall have full control and power over * * * shall operate the said estate * * * according to her own judgment and desires and out of the income * * * she shall first pay * * * expenses * * * and the balance of the said income she shall distribute to my children at such time and in such manner as she deems best."

Plaintiffs contend the language is insufficient to create a valid trust because there are no words of grant, conveyance, declaration of trust, etc. It is not essential to the trustee's title that the property be bequeathed or devised to the trustee. The law presumes it was testator's intention to give the trustee such an estate as will enable the trustee to execute the powers given and perform the duties required. Meek v. Briggs, 87 Iowa 610, 614, 617, 54 N.W. 456, 43 Am. St. Rep. 410; Restatement of the Law, Trusts, section 88; Lincoln Joint Stock Land Bk. v. Mitchell, 239 Iowa 995, 1001, 1002, 33 N.W. 2d 388. We hold the language sufficient to create a trust. The trustee has affirmative duties to perform. Hence the trust is active. Lincoln Joint Stock Land Bk. v. Mitchell, 239 Iowa 995, 1001, 33 N.W. 2d 388; Restatement of the Law, Trusts, section 69. The beneficiaries are children and grandchildren of testator. Lincoln Joint Stock Land Bk. v. Mitchell, 239 Iowa 995, 1002, 33 N.W. 2d 388.

II. Plaintiffs contend the trust is invalid because the "unlimited discretion" lodged in the trustee as to the distribution of income and management of the property in effect merges the legal and equitable title in Chrystal. We are unable to agree with this contention. Ponzelino v. Ponzelino, 238 Iowa 201, 206, 26 N.W. 2d 330, 333, states:

"* * * there can be a trust of which the beneficiaries are members of a definite class among whom the trustee is authorized to select who shall take and in what proportions. Restatement of the Law, Trusts, sections 120, 121, 127, comment e; 65 C. J. 273, 274, section 54; Moskowitz v. Federman, 72 Ohio App. 149, 51 N.E. 2d 48, 53; In re Dewey's Estate, 45 Utah 98, 143 P. 124, Ann. Cas. 1918A, 475, 479."

The provisions of the second codicil relative to the trustee's discretion in managing the property are along conventional lines and are valid.

As to the distribution of income, the discretion granted her, although broad, is not unlimited and its exercise is subject to review by the court and to correction in a proper case. However, courts will not attempt to control the exercise of such discretion except to prevent its abuse. In re Estate of Tone, 240 Iowa 1315, 39 N.W. 2d 401, and citations. The court will not assume the trustee will abuse the discretion lodged in her. Nor will it grant plaintiffs' request that it now direct the trustee as to the time and manner of distributing income, specify the duties of the trustee and direct in detail the management of the trust property. To do so would be to supersede and control the exercise of the discretion lodged in the trustee by testator.

III. Plaintiffs argue the language "I * * * provide that * * * Chrystal * * * shall hold in trust" is precatory. The word "provide" is here used in the sense of "stipulate" or "prescribe." The language has no precatory meaning or implication.

IV. Item 11A of the first codicil recites, "I * * * direct * * * Chrystal * * * be given the privilege of purchasing the home * * * being Lot 9 * * * including all the contents thereof" for $3500. We do not agree with plaintiffs' contention that the language "I * * * direct" is precatory. Plaintiffs contend also Item 11A is repugnant to the provision in the second codicil that Chrystal shall hold in trust all the assets of testator's estate. It is a sufficient answer that Item 11A did not pass title to Chrystal to the property there described but title passed under the second codicil to the trustee as a part of "all of the assets of my estate" subject to the right of Chrystal to purchase the same for $3500. When Chrystal exercised the privilege the purchase money became an asset of the estate.

Plaintiffs complain also of the adjudication by the trial court that the purchase by Chrystal of testator's home, lot 9, and all contents included testator's automobile which was there kept.

On this proposition the primary and controlling consideration is the determination of the intention of the testator. Such

o

intention will be ascertained from the will itself if the language is plain and unambiguous. In re Estate of Syverson, 239 Iowa 800, 32 N.W. 2d 799. The language here used is clear and simple. It is presumed the words are used in their natural and conventional meaning. In re Estate of Syverson, supra. It has been said the word "contents," being of comprehensive meaning, must receive its full import, unless the context of the will as a whole indicates it was used in a special and restricted sense. Old Colony Trust Co. v. Hale, 302 Mass. 68, 18 N.E. 2d 432, 433, 434, 120 A. L. R. 1207, and annotation 1210 et seq. There is nothing to indicate the language here in question should not be given its usual meaning.

In holding automobiles were part of the contents of a testator's home, Chase Nat. Bk. v. Deichmiller, 107 N. J. Eq. 379, 380, 152 A. 697, 698, states, "the word 'home' means not merely the dwelling house, but the entire residence estate." This holding was followed in In re Hulse, 190 Misc. 6, 72 N. Y. S. 2d 724, 726. In Cowan v. Cowan, 90 N. H. 198, 6 A. 2d 179, 180, "my house * * * and contents of all kinds" was held to include an automobile kept in a stable on the homestead. McLane v. Chancey, 211 Ark. 280, 200 S.W. 2d 782, 786, held a devise of the home and all personal property therein, included an automobile in the garage. See also In re Foster, 140 Misc. 341, 251 N. Y. Supp. 797; In re McCalmont, 19 Times L. R. (Eng.) 490. We agree with the conclusion of the trial court that the purchase by Chrystal, under Item 11A, of testator's home property and contents, included his automobile.

V. Item 1 of the will gave each of testator's children a life estate in a farm. Item 5 gave the remainders to grandchildren. Subsequently testator deeded these farms to his respective children. The result would have been the grandchildren would have taken nothing under the original will. The second codicil remedies this. It recites that after testator made his will, he had deeded the farms to his children, said deeds making Item 1 void "which is my reason for making this Codicil." This codicil gives the estate to grandchildren subject to the trust for the lives of the children. Instead of taking remainders in the farms, grandchildren receive remainders in the estate, not including the farms.

Plaintiffs contend the residuary clause of the original will was not revoked by the second codicil and that the trial

court should have construed the will as providing that the estate be divided equally among testator's six children. The question is, What was the intention of testator? Where the language is plain and unequivocal rules of construction are inapplicable. In re Estate of Thomas, 220 Iowa 50, 54, 261 N.W. 622. It is true the original residuary clause is not expressly revoked. But the fact that a codicil is executed usually denotes a change in the disposition of the estate. In re Estate of Flannery, 221 Iowa 265, 272, 264 N.W. 68. And here the declared reason for the second codicil indicates testator's intention to dispose of the part of his estate not deeded to his children in a different manner than that provided in the residuary clause. Moreover the provisions of the second codicil are clearly inconsistent with and repugnant to the residuary clause. Hence we conclude the second codicil revokes and supersedes the residuary clause of the original will. Blackford v. Anderson, 226 Iowa 1138, 1154, 286 N.W. 735; 57 Am. Jur., Wills, section 485; Driver v. Driver, 187 Ark. 875, 63 S.W. 2d 274.

Plaintiffs have presented other propositions which have been considered but need not be discussed. It is sufficient to say we agree with the findings and conclusions of the trial court upon these propositions.

VI. Defendants have appealed from the refusal of the trial court to adjudge a forfeiture of the rights of plaintiffs and of Arlo W. Geisinger, defendant in cross-petition. Item 7 of the will provides for the forfeiture of the rights of any legatee who should "attempt by contest of the Court to break this will or object to the probating thereof." The first codicil which revokes the nomination of Arlo W. Geisinger as executor and nominates Chrystal as executrix, provides: "should any of these heirs cause any trouble or disturbance relative to this change * * * they shall forfeit their right or rights * * *."

The main ground for forfeiture asserted by defendant is the objections to the admission to probate of the codicils. (We will refer to the trial upon the objections as the former trial.) Plaintiffs and Arlo W. Geisinger pleaded the objections were made by them in good faith and for probable cause. The evidence in the trial of the case at bar included the record and evidence in the former trial. There was also oral testimony by the objec-

tors and some others who had been witnesses at the former trial, which testimony was substantially the same as in the former trial.

The court found matters relied upon by the objectors and shown in the former case were: that testator, eighty-two and eighty-four years of age when the respective codicils were made, had suffered a light stroke in 1936 and again became ill in 1938 suffering from arteriosclerosis and cerebral thrombosis, had pneumonia in 1942 and died in 1946, told a brother he had been afflicted with syphilis, after his illness in 1936 and 1942 appeared to be failing physically and mentally, his vision and hearing were impaired, it became increasingly difficult for him to move around, he sat dozing in one chair most of the time, his memory became faulty, when visiting with others he would lose the thread of the conversation and forget what he was talking about, he became careless of his personal habits and appearance and was antisocial, it became increasingly difficult for him to manage his business affairs, he made frequent mistakes, became the victim of a confidence game, refused to co-operate with the law-enforcing officers and thought people were pointing and staring at him; that based upon these matters the objectors and other witnesses were of the opinion he was of unsound mind at the times of the execution of the codicils.

The court found also there was a confidential and fiduciary relationship between decedent and Chrystal, with whom decedent lived, as evidenced by the showing she wrote checks for him, had access to his safe-deposit box and in other ways assisted in managing his affairs, there was a feeling of open hostility between Chrystal and the objectors, after testator's death she told them the man who prepared the codicils had "slipped up" and "if you don't watch out, I will see that you don't get a damn thing"; that such statements and other actions and the failing physical and mental condition of testator, all as shown by the record, led objectors to believe undue influence had been exercised upon testator by Chrystal.

The court found also the objectors in good faith fully and fairly disclosed to their attorneys the circumstances shown to them, the attorneys investigated further and advised objectors they had just grounds and probable cause for objecting to the

probate of the codicils, objectors believed this and relied upon the advice and that they acted in good faith and with probable cause in objecting to such probate.

The findings and conclusions stated that although the judgment on the directed verdict in the former action adjudicated the insufficiency of objectors' proofs there was some evidence of the incompetency of testator in the record—the opinion testimony of some of the lay witnesses and the opinion of an expert given in answer to a hypothetical question based upon the matters shown in the record; hence the adjudication, in and of itself, would not be conclusive against the existence of probable cause for the objections.

Decisions involving the enforcement of provisions in wills for forfeiture of the rights of contestants are not in agreement. One line of cases has enforced such provisions without considering the good faith and probable cause of the contest. That was done in Moran v. Moran, 144 Iowa 451, 123 N.W. 202, 30 L. R. A., N. S., 898. In re Estate of Cocklin, 236 Iowa 98, 17 N.W. 2d 129, 157 A. L. R. 584, overruled that part of the Moran decision and followed the dissenting opinion, holding such a condition will not be enforced against one who contests a will in good faith and for probable cause.

Some writers take the position these and like decisions may be factually distinguished and reconciled. See Trends in Judicial Construction of Forfeiture Clauses in Wills (May 1948), 33 Iowa L. Rev. 686, written after the Cocklin decision, and Testamentary Conditions against Contest (May 1938), 36 Mich. L. Rev. 1066, 1081, 1089, an extended article, written before the Cocklin decision, which discusses the Moran and similar cases and also decisions under the probable cause rule. However, we need not pursue that suggestion. The contest here under consideration was of the type in question in the Cocklin case. We adhere to that decision.

Defendants complain the trial court in determining the issue of probable cause gave too much weight to the evidence of the advice of counsel. It is the rule in Iowa that advice of counsel may be a complete defense to an action for malicious prosecution, although it is usually a question of fact whether the advice was sought in good faith, after a full and fair dis-

closure of all matters bearing on the case and whether it was followed in good faith and with the belief there was good cause for the prosecution. Granteer v. Thompson, 203 Iowa 127, 131, 208 N.W. 497; Schnathorst v. Williams, 240 Iowa 561, 577, 36 N.W. 2d 739, 748. See also 34 Am. Jur., Malicious Prosecution, section 71; Restatement of the Law, Torts, section 666.

One has probable cause for initiating civil proceedings against another if he reasonably believes in the existence of facts upon which his claim is based and reasonably believes that under such facts the claim may be valid at common law or under an existing statute, or so believes in reliance upon the advice of counsel received and acted upon as stated in the foregoing authorities. Restatement of the Law, Torts, section 675. Evidence contestants acted upon the advice of counsel was considered in the Cocklin case. We hold the trial court in the case at bar did not err in giving evidence of that character substantial weight.

Defendants assert that in addition to the grounds of mental incapacity and undue influence, objectors pleaded improper execution of the codicils but offered no proof in support thereof. They contend this conclusively showed bad faith on the part of the objectors. With this contention we are unable to agree. We believe it was merely a circumstance to be taken into consideration along with the other circumstances shown in the record. Nor did the directed verdict in the former trial determine the issue of probable cause. See Dutterer v. Logan, 103 W. Va. 216, 137 S.E. 1, 52 A.L.R. 83.

The trial court held the objections to the probate of the codicils were made in good faith and for probable cause. The reasoning and recitals in the judgment entry show correct rules of law were applied in arriving at this conclusion. The findings of fact of the trial court, to which we have referred at some length, are entitled to substantial weight. From a careful consideration of the record and findings we conclude the holding should not be disturbed.

Defendants argue the case at bar is such an attempt to "break the will" as to entitle them to invoke Item 7 against plaintiffs. Although plaintiffs may have overpleaded their case in setting up some matters adjudicated against them in the former trial, the case at bar is essentially an action for the con-

struction of the will. Hence we hold, as did the trial court, it does not bring plaintiffs within the provisions of Item 7 of the will. Jensen v. Nelson, 236 Iowa 569, 573, 574, 19 N.W. 2d 596, 599. We agree also with the finding of the trial court that no objection has been made to the appointment of Chrystal Geisinger as executrix and that there is no basis for invoking against plaintiffs the forfeiture provision in the first codicil.

The judgment is affirmed upon both appeals. Costs upon appeal are ordered taxed one half to plaintiffs and one half to such defendants as were cross-petitioners against Arlo W. Geisinger and others.—Affirmed on both appeals.

BLISS, C.J., and SMITH, GARFIELD, MANTZ, MULRONEY, and HAYS, JJ., concur.