DAMON M. GUNN, appellee, v. H. T. WAGNER, sheriff of Black Hawk County, and PEOPLES FINANCE COMPANY, cross-petitioner, appellant; DAMON M. GUNN et al., defendants to cross-petition, appellees.

No. 47875.

(Reported in 48 N.W.2d 292)

1002

J<small>UNE</small> 5, 1951.

R<small>EHEARING</small> D<small>ENIED</small> S<small>EPTEMBER</small> 21, 1951.

J. R. McManus and A. R. Shepherd, both of Des Moines, for appellant.

Pike, Sias, Butler & Hoxie and Clark & Clark, all of Waterloo, for appellees.

GARFIELD, J.—This appeal presents two questions: (1) Jurisdiction of the trial court to hear the case. (2) Validity of a testamentary trust under which plaintiff claims title to the land in controversy.

Defendant Peoples Finance Company holds a judgment against R. M. Gunn for $3984 obtained in the district court of Polk County in December 1934. Under a general execution issued on the judgment, defendant sheriff of Black Hawk County on November 10, 1949, levied upon an undivided third interest in certain Black Hawk County land of which plaintiff, Damon M. Gunn, son of the judgment debtor, was record titleholder.

Damon brought this action in equity in Black Hawk County against the sheriff and judgment creditor, alleging he is sole owner of the land and the judgment has never been a lien upon it and asking that the execution sale be enjoined, the judgment creditor be enjoined from enforcing the judgment against the land and for a decree that the judgment is not a lien against the land. Plaintiff's petition appears to be patterned after the one set out in Key City Gas Light Co. v. Munsell, 19 Iowa 305.

By answer and cross-petition against Damon and R. M. Gunn, the judgment creditor alleged the land levied upon and other land was owned in her lifetime by Adelaide Gunn, mother of Damon and wife of R. M., that her will attempted to leave her property in trust but the trust was void, deeds from the trustee to Damon of the land were also void, Adelaide's property therefore descended as intestate, one third to her surviving husband, R. M. Gunn, and two thirds to her only issue, Damon. The cross-petitioner asked that its judgment be declared a lien against the undivided third interest of R. M. Gunn, said interest be subjected to its judgment and sold in satisfaction thereof.

1004

Following trial, largely upon documentary evidence consisting of probate files and records in the estate of Adelaide Gunn, deceased, the trial court held it had jurisdiction of the action, the trust provisions of Adelaide's will are valid, Damon is the sole owner of the land in controversy and it is not subject to the judgment against his father. Execution sale of the land was enjoined. The judgment creditor's cross-petition was dismissed. The cross-petitioner has appealed.

I. Appellant's challenge to the trial court's jurisdiction is based upon rule 329, Rules of Civil Procedure, which provides: "An action seeking to enjoin proceedings in a civil action, or on a judgment or final order, must be brought in the county and court where such proceedings are pending or such judgment or order was obtained * * *."

While appellant contends the trial court lacked jurisdiction of the action brought by Damon, it concedes the court had jurisdiction of its cross-petition against Damon and R. M. Gunn which was a separate and independent cause of action. All issues raised in the action brought by Damon are fully presented in appellant's cross-petition, the answers of Damon and R. M. thereto and appellant's reply to such answers. Therefore it seems of little consequence that the court held it had jurisdiction of the action brought by Damon as well as of the cross-action brought by appellant. Perhaps this is the reason the claim of no jurisdiction is not pressed so vigorously as the contention the trust was void.

In any event we think the trial court had jurisdiction of the action brought by Damon.

The part of rule 329 quoted above is substantially the same as section 12527, Code, 1939, which the rule supersedes. The statute, in almost identical language, has been in effect since the Code of 1873 and before that in different terms since the Revision of 1860. See Hawkeye Ins. Co. v. Huston, 115 Iowa 621, 623, 624, 89 N.W. 29. Pursuant to this statute we have frequently held a judgment debtor may not, in a court where the judgment was not rendered, enjoin its enforcement even though the judgment is void. Hawkeye Ins. Co. v. Huston, supra, which carefully reviews earlier decisions; Ulber v. Dunn, 143 Iowa 260, 119 N.W. 269; Ferris v. Grimes, 204 Iowa 587, 215 N.W. 646; Bankers Trust Co. v. Scott,

215 Iowa 1107, 246 N.W. 836; Educational Film Exchanges v. Hansen, 221 Iowa 1153, 266 N.W. 487.

In the cited cases the injunction was sought by the judgment debtor usually upon grounds which might have been urged in defense to the action in which the judgment was rendered. In Grattan v. Matteson, 51 Iowa 622, 2 N.W. 432, the statute was invoked against a third party who acquired land of the judgment debtor after the judgment sought to be enjoined was obtained but the suit was based on claimed invalidity of the judgment. Brunk v. Moulton Bank, 121 Iowa 14, 95 N.W. 238, denied injunctive relief in another county to a judgment debtor discharged in bankruptcy after the judgment was obtained.

The reasons for rule 329 and the statute it supersedes are apparent. A court will not litigate matters finally determined in another court nor interfere with proceedings therein nor process therefrom. See Hawkeye Ins. Co. v. Huston, supra, 115 Iowa 621, 89 N.W. 29. Such considerations are not present here. Damon Gunn does not seek to undo anything the Polk County court did. He makes no claim the judgment is void or voidable or that it may not be enforced against any property of the judgment debtor. Damon's claim is he owns the property in question and it may not be seized to satisfy the judgment against his father.

This language from Lockwood v. Kitteringham, 42 Iowa 257, 259, the first decision under what later became section 12527, Code, 1939, recognizes the statute is not applicable to the situation here:

"This is not like a case where it is sought to enjoin the sale of property under a general execution, where it is alleged that the property does not belong to the defendant in execution but to a third person who seeks the injunction. In such case it is not sought to enjoin proceedings under the execution, or the proceedings on the judgment. The officer having the writ is left free and unobstructed in proceeding to carry out the mandate of his writ, by making the moneys therein specified from the property of the defendant in the execution. The injunction is sought only to prevent the officer from committing a wrong, under color of his writ, by seizing property not belonging to the defendant in execution * * *."

Bennett v. Hanchett, 49 Iowa 71,.72, states: "This case does not fall within the exception alluded to in Lockwood v. Kitteringham, where it is sought to enjoin a sale of property under general execution, upon the ground that the property does not belong to the defendant in execution."

It is true, as pointed out in Grattan v. Matteson, supra, 51 Iowa 622, 624, 2 N.W. 432, the language above-quoted from Lockwood v. Kitteringham, supra, is dictum, which was held not applicable in the Grattan case. However, we do not find it has ever been disapproved.

Visek v. Doolittle, 69 Iowa 602, 29 N.W. 762, directly supports our conclusion on the question of jurisdiction. There the homestead owned by a wife was sold under execution upon a judgment against her husband. The sale was set aside by a court where the judgment was not obtained. What later became section 12527 was held not applicable because it was merely sought to declare the property sold exempt from the judgment.

There is quite a little authority in other jurisdictions in harmony with the above quotation from Lockwood v. Kitteringham, supra, 42 Iowa 257, 259. See Zimmerman v. Makepeace, 152 Ind. 199, 52 N.E. 992, 993; Robinson v. Carlton, 123 Ky. 419, 96 S.W. 549; Van Ratcliff v. Call, 72 Tex. 491, 10 S.W. 578; 21 Am. Jur., Executions, section 586. An extended note in Ann. Cas. 1918C 152, 280, on "Injunction against Execution Sale" says: "It has been held in a number of cases that a suit to enjoin an execution sale brought by one not a party to the judgment on which the execution issued need not be brought in the court rendering the judgment. [Citing cases.]" A number of decisions reach a like result where levy has been made on exempt property. Id. page 282.

The construction of rule 329 for which appellant contends would require one not a party to a judgment whose land has been levied upon thereunder to go into some remote county where the judgment was obtained to litigate his rights to the land. See Van Ratcliff v. Call, supra. Such a result seems undesirable.

Plaintiff has not argued that the suit brought by him is for the determination of a right or interest in real property which, under section 616.1, Code, 1950, I.C.A., "must be brought in the county in which the subject of the action * * * is situated."

Therefore we will not determine the applicability of this statute. See, however, Whalen v. Ring, 224 Iowa 267, 276 N.W. 409; Titus Management Co. v. Kelsey, 221 Iowa 1368, 268 N.W. 23; Eckhardt v. Bankers Trust Co., 218 Iowa 983, 249 N.W. 244, 252 N.W. 373; Lee v. American Trust & Savings Bank, 209 Iowa 609, 228 N.W. 570; annotation 2 A. L. R.2d 1261.

II. Item II of Adelaide Gunn's will, made in 1936, gives all her property to Pressey H. Frank in trust for these purposes:

First: The whole or part of the income of the trust may, at the trustee's sole discretion, be used for support of the husband, R. M. Gunn, and paid him in such amounts and at such times as the trustee in his sole discretion shall determine, but such income shall not be used to pay any debt of R. M. Gunn and shall not be alienated or pledged by him.

Second:. If the trustee deems it advisable, "and it shall be in his sole discretion to determine," he may surrender all trust property to R. M. Gunn and terminate the trust and if the trustee so exercises his discretion title shall vest absolutely in said husband.

Third: If the trustee deems it advisable, "and it shall be in his sole discretion to determine," he may surrender at any time before R. M. Gunn's death all trust property to testatrix' son, Damon, and terminate the trust and if the trustee so exercises his discretion title shall vest absolutely in Damon.

Fourth: If the trustee has not exercised his discretion to terminate the trust and surrender all trust property either to R. M. Gunn or Damon, then at R. M.'s death the trust shall terminate and the body thereof with all accumulations shall be distributed to Damon and title shall vest absolutely in him.

Testatrix died and her will was probated in February 1945. Mr. Frank was appointed executor and served until he died in June 1945. E. F. Keith, an associate of Mr. Frank, was then appointed administrator with will annexed and on December 31, 1945, trustee, upon application of R. M. Gunn joined in by Damon. In the meantime R. M. Gunn filed his election to take under the will.

On January 25, 1946, pursuant to Paragraph Third, Item II of the will (R. M. Gunn being still alive), the trustee conveyed the land here involved, and transferred all assets of the trust, to

1008

Damon, declared the trust terminated and filed his final report, all of which were approved by the court.

Appellant contends Item II of the will is void and testatrix' property descended as intestate because, it is said in substance, (1) she attempted to delegate to Mr. Frank the power to make her will; (2) the trust had no definite purpose and no definitely ascertainable beneficiaries; (3) no enforceable obligation is imposed upon the trustee; and (4) no duty is imposed upon the trustee to select a beneficiary as between R. M. Gunn and Damon Gunn during the life of the trust.

In support of the first and second contentions appellant relies largely upon Lepage v. McNamara, 5 (Clarke) Iowa 124, 141, and Tilden v. Green, 130 N. Y. 29, 44, 45, 28 N.E. 880, 881, 14 L. R. A. 33. We are clear neither decision is in point. In the former, the testator directed Bishop Loras "to dispose of my real estate, and apply so much thereof to the church, or to the education and maintenance of poor children, as he in his wisdom may think proper and legal." We held there was such uncertainty in the designation of beneficiaries as to render the devise void. It was uncertain what church or poor children were intended as recipients.

In Tilden v. Green, supra, the testator authorized his executors and trustees to organize a corporation to be known as the "Tilden Trust" and to convey to it his residuary estate "or so much thereof as they may deem expedient" or they were authorized to apply the residue or part thereof "to such charitable, educational and scientific purposes as in [their] judgment * * * will render the said * * * property most widely and substantially beneficial to the interests of mankind." By a four-to-three decision it was held the designation of beneficiaries was so indefinite and uncertain as to be incapable of enforcement.

Zierau v. Zierau, 347 Ill. 82, 179 N.E. 432 (where testator attempted to delegate to his wife the right to change his will as she saw fit, after his death), and Read v. Williams, 125 N. Y. 560, 567, 26 N.E. 730, 731, 21 Am. St. Rep. 748 (where a bequest "to such charitable institutions, and in such proportions, as my executors, by and with the advice of my friend H., shall choose" was held void for indefiniteness), also cited by appellant, are even more clearly not applicable here.

 We think Item II of the will is not void, as appellant contends, and that Mrs. Gunn's property did not pass as intestate. Paragraph First provides for a discretionary trust (sometimes called a trust to apply) as to the income, for the benefit of the husband. We have repeatedly upheld such provisions and they are uniformly sustained in other jurisdictions. In re Estate of Tone, 240 Iowa 1315, 1326, 1327, 39 N.W.2d 401, 408, and citations. See also Geisinger v. Geisinger, 241 Iowa 283, 290, 41 N.W. 2d 86, 90. Of course testatrix was under no obligation to leave her property so it might be reached by her husband's creditors. Roorda v. Roorda, 230 Iowa 1103, 1105, 300 N.W. 294, 295, and citations; Robertson v. Schard, 142 Iowa 500, 504, 119 N.W. 529, 134 Am. St. Rep. 430.

The restraints on the voluntary and involuntary transfer of the husband's right to the income create a spendthrift trust therein which is unquestionably valid. In re Estate of Tone, supra, and authorities cited page 1325 of 240 Iowa, page 407 of 39 N.W. 2d.

Further, a right to the income from the trust property is not here involved. And even if the first paragraph were invalid it would not necessarily invalidate the entire Item II. See authorities hereinafter cited.

Paragraphs Second and Third confer upon the trustee power to convey the trust property to the husband or, before the husband's death, to the son, Damon. Paragraph Fourth provides that if the power so conferred is not exercised then at R. M.'s death the trust shall terminate and the body thereof shall be conveyed to Damon and vest absolutely in him. Thus the trustee is given discretion whether to convey the property to the husband or the son. *If he does neither, he must transfer it to the son at the husband's death.*

 Ponzelino v. Ponzelino, 238 Iowa 201, 206, 26 N.W.2d 330, 333, states: "Also there can be a trust of which the beneficiaries are members of a definite class among whom the trustee is authorized to select who shall take and in what proportions. Restatement of the Law, Trusts, sections 120, 121, 127, comment e; * * * [other citations]." This is quoted with approval in Geisinger v. Geisinger, supra, 241 Iowa 283, 289, 41 N.W.2d 86, 90. See also Restatement, Trusts, section 414, and comments.

Prior to publication of Restatement, Trusts, the decisions generally did not entirely agree as to the validity of a trust where the trustee was authorized to select what member or members of a definite class should take. See 54 Am. Jur., Trusts, section 141; annotations 3 A. L. R. 297, 45 A. L. R. 1440. See also annotation 163 A. L. R. 784, 816–821. However we are disposed to follow the Restatement and the decisions in harmony with it as we did in the Ponzelino and Geisinger opinions, supra.

It is true in the Ponzelino decision, on which appellant relies, the trust was held invalid. The facts are clearly distinguishable, however. There a husband conveyed his property to himself as trustee nominally for the benefit of his wife and children, with power not only to divide the property among them as he might elect (a provision we said was valid), but also to convey it to himself individually and thus deprive the beneficiaries of the property and defeat the purposes of the trust. For all practical purposes the husband remained the owner of the property.

Appellant contends the rule above-quoted from the Ponzelino opinion is not here applicable because, it is said, the trustee is not given the power to choose between members of a class but only between two named individuals, R. M. and Damon Gunn. In effect it is claimed that although a trustee may be given power to select one or more members of a larger class he cannot be empowered to select one of two named individuals. The contention is without merit.

Restatement, Trusts, section 120, states, "The members of a definite class of persons can be the beneficiaries of a trust." Comment c thereunder adds this is true although "the trustee is authorized-to select which of the members of the class shall take and in what proportions." Comment a, section 120, is a complete answer to appellant's contention. It says "A class is definite where it includes several persons designated by name * * *."

Decisions cited by appellant at this point have no application here. They involve questions of survivorship and rights to a gift where a beneficiary dies before time for distribution. Generally if the gift is to a class the surviving members take the whole gift, if to named individuals there is no such right of survivorship to the other named beneficiaries but the heirs of the deceased beneficiary take his share under the antilapse statute, section

633.16, Code, 1950, I.C.A. It is in this connection we have said a gift to named individuals is not to a class. See In re Estate of Carter, 203 Iowa 603, 213 N.W. 392, and citations; Anderson v. Anderson, 227 Iowa 25, 33, 286 N.W. 446; In re Estate of French, 242 Iowa 113, 123, 44 N.W.2d 706, 712.

 Appellant argues Item II is invalid because it is said no duty is imposed upon the trustee to determine whether the husband or son shall take the property. As previously stated, the trustee did determine that the son should take and conveyed the property to him. If it be assumed no duty is imposed on the trustee in Paragraphs Second and Third to select as between R. M. and Damon and that these paragraphs, without Paragraph Fourth, would be invalid for such reason, this would not invalidate the entire Item II nor result in intestacy.

In Paragraph Fourth testatrix has made the selection for the trustee if he should fail to choose between the husband and son before the husband's death. As stated, the property would go to Damon in any event at his father's death if no selection between them had then been made. Thus there is in effect an express gift to Damon in default of appointment under Paragraphs Second and Third. No reason is suggested why this gift to Damon, if the trustee should not exercise the power conferred in Paragraphs Second and Third, is not valid. We hold it is valid. See Restatement, Trusts, sections 27, 414, and comments; Steiff v. Seibert, 128 Iowa 746, 749, 105 N.W. 328, 330, 6 L. R. A., N. S., 1186; Bankers Trust Co. v. Garver, 222 Iowa 196, 204, 268 N.W. 568.

Regardless of the claimed invalidity of Paragraphs Second and Third considered apart from Paragraph Fourth, there remain a valid discretionary and spendthrift trust in the income for the life of the husband under Paragraph First, and an absolute gift of the property to the son (the sole issue and natural object of testatrix' bounty) at the husband's death under Paragraph Fourth. Paragraphs Second and Third are separable and may be rejected without defeating Mrs. Gunn's obvious purpose in creating the trust and without invalidating the entire Item II. So in any event intestacy would not result nor would R. M. Gunn obtain any property which appellant could reach. See Restatement of the Law, Trusts, section 65, and comments; In re Estate of Spahr, 210 Iowa 17, 230 N.W. 434; Bankers Trust Co. v. Garver,

supra, 222 Iowa 196, 204, 268 N.W. 568; In re Estate of Ankeny, 238 Iowa 754, 765–767, 28 N.W.2d 414, 420; 54 Am. Jur., Trusts, section 24; 65 C. J., Trusts, section 96.

Our holding that at least Paragraphs First and Fourth are valid accords with the rule that, if fairly possible, effect will be given each and every part of a will and even partial intestacy will be avoided. In re Estate of Spahr, supra; Busby v. Busby, 137 Iowa 57, 61, 114 N.W. 559; Jensen v. Nelson, 236 Iowa 569, 571, 576, 19 N.W.2d 596, 598, 600; In re Estate of Austin, 236 Iowa 945, 948, 20 N.W.2d 445, 447, 162 A. L. R. 709, 713, and citations. Our conclusion also makes effective what appears to have been testatrix' intent.—Affirmed.

All JUSTICES concur.