J. S. MAXWELL, W. D. MAXWELL, J. P. MAXWELL, B. F. MAXWELL, MARY A. SHEEHAN, and MATILDA MILLER, Appellants, v. WILLIAM K. WOOD, JAMES H. WOOD and CURTIS A. WOOD.

**Trusts.** A trust is not created by an absolute conveyance of land, under a contract relating solely to the manner of payment therefor, with no reference to the use or care of the property for the benefit of the grantor, or as security for payment of the purchase price, and the grantee is under no obligation to retain the title to the land.

*Appeal from Story District Court.*— HON. J. H. RICHARDS, Judge.

WEDNESDAY, MARCH 13, 1907.

JOHN G. WOOD was seised of two tracts of land, and the following instrument was executed by him and his son Wm. K. Wood:

Articles of agreement made this first day of January, one thousand eight hundred and sixty-nine, between John G. Wood, party of the first part, and William K. Wood, party of the second part, both of Story county, Iowa, witnesseth: That the said John G. Wood has contracted, sold and delivered a good warranty deed for the lands therein described to the said William K. Wood. Provided, nevertheless, that the said William K. Wood, party of the second part, his heirs, executor or assigns, pay to the said John G. Wood, his now legal heirs or assigns, the sum of three thousand dollars in the lawful money of the United States of America or its equivalent, payable as follows: The said John G. Wood during his natural lifetime and Elize Jane his wife, should she outlive the said John G. Wood, then and in that case during her widowhood, are to be supplied with all the provisions, clothing, fuel, confections, and other necessaries at their cost value at the time so furnished, provided the sum stipulated above is sufficient to the end for which it is set apart. If it is not, then and in that case the said William K. Wood, his executor or assigns, is released from this contract upon the payment of the sum above written, and it is further agreed that should there be any portion of the above written sum remaining at the decease or termination of widowhood of the parties of the first part as stipulated and agreed upon above, then and in that case the residue is to be equally apportioned and paid to the now legal heirs of the said John. G. Wood or to their legal representatives at the rate of four hundred and fifty dollars per annum till paid. And it is further agreed between the parties to these presents that if default be made in fulfilling this agreement or any part thereof on the part of the said party of the second part, then and in such case the said party of the first part, his legal heirs, as explained in the foregoing, or assigns, shall be at liberty to consider this contract as forfeited and an-

nulled and to dispose of the said lands to any other person in the same manner as if this contract had never been made. In witness whereof we have hereunto set our hands and seals the day and year above written.

John G. Wood.            [Seal.]            William K. Wood.
     [Seal.]    Signed, sealed and delivered in the presence of Jesse R. Wood.

In pursuance of this agreement, and as is alleged a part of it, John G. Wood and wife conveyed the land to Wm. K. Wood, January 1, 1869. The former died January 27, 1870, and his wife, Eliza, November 28, 1876, leaving them surviving eight children. One of these died leaving as her heirs the five plaintiffs in this suit. The petition alleged the following facts; that the $3,000 mentioned in the agreement has never been paid either to John G. Wood or his heirs; that Wm. K. Wood, with intent to defraud, and without consideration, conveyed one tract of the land to one of his sons, and the other tract to another, in 1901; that such conveyances were in violation of the trust; that defendants dispute the right of plaintiffs to an eighth interest in said land, and they pray that their interest in the land be established against the adverse claims of defendants, or, if this cannot be done, that they have judgment for the $3,000, with interest, and a lien therefor be established against the land. A demurrer, general and setting up the bar of the statute of limitations, was filed by defendants and sustained. The plaintiffs elected to stand on the ruling, and the petition was dismissed. Plaintiffs appeal.— *Affirmed.*

*Gillispie & Bannister,* for appellants.

*E. H. Addison* and *Fitchpatrick & McCall,* for appellees.

LADD, J.— The correctness of the court's ruling on the demurrer, in so far as the demand for a money judgment was held to be barred by the statute of limitations, is not

questioned.  The sum stipulated, if not previously paid to John G. Wood or his wife, became due his heirs at the rate of $450 per annum after his wife's death in 1876, and therefore more than ten years had elapsed after the maturity of the latest payment possible before this suit was begun. The contention of appellants is that the agreement and deed should be construed as a single transaction by which Wm. K. Wood took the land impressed with a trust to be executed for the benefit of John G. Wood and wife or their heirs. If so, the trust must have been created by the contract. That, however, recites a sale of the land for $3,000, to be paid in " provision, clothing, fuel, confections, and other necessities at their cost value at the time so furnished," supplied John G. Wood and wife during their lives, provided it is sufficient; if not, Wm. K. Wood is to be released upon payment of such amount.  If, however, a portion remained after their death, it was to be distributed to the heirs of the grantor.  So there was a deed purporting to be an absolute conveyance of the land, under a contract asserting that it was a sale and definitely fixing the purchase price.  The only obligation of the grantee was to pay this price.  He was not bound to retain the land, nor were the grantor, his wife, or heirs to be paid from its income, or the proceeds to be derived from its sale.  As he owed no duty with respect to the property, it was not impressed with a trust  A trust· is defined as " an obligation upon a person arising out of a confidence reposed in him to apply property faithfully ·and according to such confidence."  Perry on Trusts, section 2.

The most that can be said is that the right to proceed against the land to enforce payment of the purchase price was attempted to be preserved by a crude forfeiture clause, which appellants seem to think indicates that an equitable interest in the land was retained by the grantor.  After reciting the conditions of payment, it provides that:  " If default be made in fulfilling this agreement or any part thereof on the part of the said party of the second part, then

and in such case the said party of the first part, or his legal heirs, shall be at liberty to consider this contract as forfeited and anulled, and to dispose of the said lands to any other person in the same manner as if this contract had never been made." The default contemplated relates solely to the ·matter of payments, and not the use or disposition of the property, its income, or proceeds, and the forfeiture clause was available only in the event of omission to pay the purchase price as stipulated. As contended by appellants, no particular form of words is required to create a trust. *Quinn v. Shields,* 62 Iowa, 129. The language must be such, however, that the intention to effect that object shall be clearly manifested. The mere obligation to pay moneys or furnish support in consideration of a conveyance is not a trust. *Riddle v. Beattie,* 77 Iowa, 168. Nor is a contract of security for such payment, unless it involves the use or care of the property conveyed for the benefit of the grantor, or to make the payments stipulated. No obligation whatever with respect to the land was assumed by the grantee, and therefore he cannot be said to have taken or retained the title for the benefit of any one save himself. None of the numerous authorities cited by appellant are inconsistent with the views here expressed. The ruling of the court in sustaining the demurrer is approved.— *Affirmed.*