HARRY PONZELINO, Appellant, v. CELESTINA PONZELINO, Appellee.

No. 46982.

MARCH 11, 1947.

Francis L. Meredith and Wendell B. Gibson, both of Des Moines, for appellant.

Strock, Woods & Dyer, of Des Moines, for appellee.

GARFIELD, J.—Plaintiff and defendant were married in 1921. In October 1944 defendant (wife) was granted a divorce. The decree awarded her four lots near the city of Des Moines, title to which plaintiff now seeks to have quieted in himself as trustee. Prior to September 5, 1939, plaintiff owned the four lots and ten others. On that date he executed a purported trust deed of the fourteen lots to himself as trustee, at least nominally, for the benefit of his wife (defendant) and their four children. Defendant signed the instrument apparently to release her dower right in the property.

In this action plaintiff contends in effect the court was without jurisdiction in the divorce suit to award defendant any part of the so-called trust property because, it is said, the trustee was not a party to the divorce suit and for other reasons. The trial court rejected such contention and confirmed defendant's title to the four lots in controversy.

Upon this appeal defendant seeks an affirmance upon two grounds: First, it is said the trust deed is void because it imposes no enforceable duties upon the trustee and attempts to clothe him with absolute and unlimited discretion, and for other reasons. Second, it is argued plaintiff as trustee was properly a party to the divorce suit and is bound by the decree therein. Defendant urged both these contentions in the court below.

Unquestionably the attack plaintiff now makes on the divorce decree cannot be sustained if, as defendant contends, the

so-called trust deed did not create a valid trust. In that event, plaintiff owned not only the legal title but also the beneficial interest to the property in question. Clearly the court in the divorce suit had jurisdiction to award defendant (wife) for the support of herself and minor children, whose custody was awarded her, any property owned by plaintiff individually.

This action is a collateral and not a direct attack upon the divorce decree. Anderson v. Schwitzer, 236 Iowa 765, 772, 773, 20 N. W. 2d 67, 71, and authorities cited. Any mere error in such decree is not here reviewable. The provision of the decree in question may now be assailed only if the court was without jurisdiction to enter it. We are thus concerned only with the question whether, as plaintiff now contends, the award of the property in question to defendant wife is void for want of jurisdiction. Kriv v. Northwestern Securities Co., 237 Iowa 1189, 1196, 24 N. W. 2d 751, 754, and authorities cited.

A trust is not created unless the settlor manifests an intention to impose upon the transferee duties which are enforceable in the courts. Restatement of the Law, Trusts, sections 25, 125, comment a; Hodgson v. Dorsey, 230 Iowa 730, 736, 298 N. W. 895, 897, 137 A. L. R. 456, 460. See, also, 54 Am. Jur. 46, 47, section 35; Morsman v. Commissioner of Internal Revenue, 8 Cir., Neb., 90 F. 2d 18, 113 A. L. R. 441, 444, [certiorari denied 302 U. S. 701, 58 S. Ct. 20, 82 L. Ed. 542]. Indeed, a trust is defined as a fiduciary relationship with respect to property, subjecting the person by whom the property is held to equitable duties to deal with it for the benefit of another. Restatement of the Law, Trusts, section 2. See, also, 54 Am. Jur. 21, section 4; 65 C. J. 212, 213, section 1; Maxwell v. Wood, 133 Iowa 721, 111 N. W. 203; Andrew v. State Bank of New Hampton, 205 Iowa 1064, 1069, 217 N. W. 250.

A corollary to the rule that a trust involves the imposition of enforceable duties upon the transferee is that there is no property which can be the subject of a trust where its application to the purposes of the trust depends upon the absolute and unconditional discretion of the person in control of the property. Obviously a court of equity cannot direct what disposition one shall make of property which is given to him to dispose of as he chooses. Unbridled discretion in a trustee not only

negatives the necessary separation of legal and equitable owner-ships but is also objectionable, so far as the existence of a trust is concerned, by reason of the uncertainty it.involves. 54 Am. Jur. 47, section 36; Burke v. Burke, 259 Ill. 262, 102 N. E. 293, 295; Booth v. Krug, 368 Ill. 487, 14 N. E. 2d 645, 117 A. L. R. 1193, 1197. See, also, Restatement of the Law, Trusts, section 125.

"While a trust is valid where it is imperative as to the amount to be used for the beneficiary, where the amounts, if any, which the beneficiaries are to receive are wholly discretion-ary with the alleged trustee, the trust is too uncertain to be en-forceable." 65 C. J. 273, section 53.

We think the alleged trust deed now before us is invalid because no enforceable obligation is imposed upon plaintiff as trustee and he is given absolute and unconditional discretion with respect to the property transferred. The instrument fills thirteen pages of the printed record and is too long to set out here in full. However, we refer to various provisions we be-lieve justify our holding.

The instrument provides: The beneficiaries shall not be entitled to receive any benefits during the continuance of the trust except such as the trustee may confer upon them; the trustee shall have the right, without compensation, to maintain his home upon the property and to keep his family thereon, and either individually or together with any or all of his family, to occupy any improvements thereon; the trustee may, but shall not be compelled to, pay the living expenses of the beneficiaries (his wife and four children); the trustee may in his discretion, but without liability to do so, during the continuance of the trust, give to any beneficiary who reaches majority or marries such part of the property as in the judgment of the trustee may seem desirable—such gift to be accepted as full and complete satisfaction of such beneficiary's interest in the trust and there shall be no liability to any beneficiary because of such donation or distribution; at any time the trustee may see fit he may make any property settlement with his wife (defendant), one of the beneficiaries, which shall be in full settlement of her

interest in the trust estate and the trustee may use for such purpose any of the trust estate—"But nothing herein shall be construed as compelling the trustee to make any such property settlement"; the trustee shall be the sole judge of the propriety of the expenses or liabilities against the trust estate hereby authorized; the trustee shall not be liable for the use of any trust property, although such use may be partially or wholly for the benefit of either Ponzelino or his wife; the trustee shall not be liable for any damages to the property of the trust estate, or in any manner sustained by any beneficiary, nor shall the trustee be answerable for any negligence, waste, or dissipation of the trust property; the exercise of any right or authority granted the trustee, including the authority to sell, mortgage, or exchange trust property, shall rest exclusively within the judgment and discretion of the trustee.

The trust instrument further provides that unless the trust property is sooner disposed of or exhausted or, because of unforeseen or unavoidable circumstances, wasted or dissipated, the trust shall continue until the youngest child beneficiary becomes twenty-one (at the time of trial he was about thirteen). Within one year thereafter the trustee may terminate the trust (1) by conveying the entire trust estate to plaintiff, individually, which conveyance shall vest in him the entire interest of the trust in the property and completely bar any right of the beneficiaries thereto (2) by dividing the property among the beneficiaries in such proportions as the trustee may elect—he to be the sole judge of the kind and amount of trust property each beneficiary shall receive, and no beneficiary shall have any claim or cause of action against the trustee because of his distribution of the property or because the trustee shall have entirely excluded one or more of the beneficiaries from the receipt of any part of the trust estate (3) by the conveyance of such part of the trust property as the trustee may see fit to plaintiff individually so as to bar all rights of the beneficiaries therein; the trustee may then distribute among the beneficiaries, or such of them as he may elect, and in such proportions as he may determine, the remainder of the trust property, and the beneficiaries shall have no claim or cause of action against the trustee or plaintiff individually because of such distribution or his

refusal to convey trust property to one or more of the beneficiaries.

The deed further provides the trust shall also terminate upon the death of the trustee, Harry Ponzelino, in which event the trust property shall be divided among the beneficiaries according to the laws of descent just as if Harry Ponzelino had died seized of the title to said property.

We are not to be understood as holding any one of the above provisions invalidates the so-called trust. Of course broad discretion may be given the trustee. 54 Am. Jur. 47, 48, section 36. Also there can be a trust of which the, beneficiaries are members of a definite class among whom the trustee is authorized to select who shall take and in what proportions. Restatement of the Law, Trusts, sections 120, 121, 127, comment e; 65 C. J. 273, 274, section 54; Moskowitz v. Federman, 72 Ohio App. 149, 51 N. E. 2d 48, 53; In re Dewey's Estate, 45 Utah 98, 143 P. 124, Ann. Cas. 1918A, 475, 479. The above provision designated "(2)," for dividing the property among the beneficiaries in such proportion, as the trustee may elect, seems, under the rule just stated, to be valid. But it will be noticed the instrument also authorizes the trustee to convey any or all of .the trust property to himself individually and thereby entirely deprive the so-called beneficiaries thereof.

This is not a case where the invalid portions of a trust can be rejected without invalidating the entire instrument. See 54 Am. Jur. 39, section 24; 65 C. J. 333, section 96; Restatement of the Law, Trusts, section 65. Here the entire scheme, which the instrument attempts to establish is ineffectual as a trust.

There is no attempt in the entire trust instrument to impose any enforceable obligation upon the trustee. No trust is created which any beneficiary is capable of enforcing. At least·until plaintiff's death, the claims of the wife and children against the trust are not more than mere hopes or chances. The obvious purpose of plaintiff as settlor seems to have been to vest unlimited discretion in himself as trustee whether to apply the so-called trust estate for the benefit of those named as beneficiaries or withdraw it from such purpose and apply it,

as he might see fit, to his own use. For all practical purposes plaintiff remained 'the owner of. the property. Consequently, under the authorities heretofore cited, no valid trust was created. The court thus had jurisdiction in the divorce suit to award defendant the four lots in controversy here.

Our conclusion that the trust deed is invalid makes it unnecessary to determine whether plaintiff, as trustee, was properly made a party to the divorce suit and is bound by the decree therein. We may observe, however, that defendant wife, plaintiff in the divorce suit, amended her petition therein by stating in part "she hereby makes Harry Ponzelino, Trustee, a defendant in this action." Ponzelino filed answer to the amendment. He was present in court in the divorce suit when his attorney dictated into the record a stipulation that if a divorce were granted the four lots in question should be awarded the wife and he would quitclaim the same, both personally and as trustee. The divorce decree, pursuant to the stipulation, awarded the property to the wife and quieted her title as against Ponzelino "personally and in his alleged capacity as Trustee." The divorce decree bore the notation "O. K. as to form," signed by Ponzelino's attorney. Ponzelino filed a petition for new trial in the divorce suit, upon which testimony was taken, but did not make the claim he now makes that the divorce decree was not binding upon him as trustee. It is apparent such claim is an afterthought.

We may observe further that if, as plaintiff contends, the trust deed were valid, it authorizes the trustee, at any time he may see fit, to make any property settlement with defendant "and the trustee may use for such purpose any money or property of the trust estate." And it might fairly be held the stipulation in the divorce suit, pursuant to which the four lots were awarded defendant by the divorce decree, was authorized by such provision of the trust deed.—Affirmed.

All JUSTICES concur.