**LEWIS G. ALLEN FAMILY TRUST (a Trust), Plaintiff,**

v.

**The GOVERNMENT OF the UNITED STATES, Counterclaimant,**

v.

**Lewis G. ALLEN and Deloris A. Allen, et al., Counterclaim-Defendants.**

**Civ. A. No. 80–2109.**

United States District Court, D. Kansas.

March 24, 1982.

---

Dr. Lewis G. Allen, pro se.

Jim Marquez, U.S. Atty., D. Kan., Kansas City, Kan., G. Scott Nebergall, Tax Div., Trial Atty., U.S. Dept. of Justice, Washington, D.C., for counterclaim-defendants.

## MEMORANDUM & ORDER

SAFFELS, District Judge.

This case is a contest between the Internal Revenue Service and the Lewis G. Allen Family Trust [hereinafter A Trust] over entitlement to a sum of money on deposit in a bank in Lenexa, Kansas. Plaintiff instituted a wrongful levy action under 26 U.S.C. § 7426(a)(3), seeking release of an escrow fund in the amount of Two Hundred Thirty-Five Thousand Dollars ($235,000), held by the Johnson County National Bank & Trust. The United States answered, claiming liens against the fund, and brought a counterclaim against Lewis G. Allen and Deloris A. Allen, individually and as trustees of the A Trust, and against the Johnson County National Bank & Trust. The United States requested, by way of its counterclaim, judgments against Lewis G. Allen and Deloris A. Allen, jointly, in the amount of Forty-Three Thousand One Hundred Forty-Nine and 55/100 Dollars ($43,-149.55), and against Lewis G. Allen, individually, in the amount of One Hundred Thirty-Eight Thousand Three Hundred Thirty-Nine and 26/100 Dollars ($138,339.26), plus interest penalties and other additions as allowed by law. Also, by way of its counterclaim, the United States seeks foreclosure of its liens on the escrow fund pursuant to § 7403 of the Internal Revenue Code of 1954, 26 U.S.C. § 7403.

This matter is before the Court on motion of the United States for summary judgment. The A Trust has responded in opposition to the motion for summary judgment on the ground that the Court is without jurisdiction and that certain facts remain in controversy. On December 11, 1981, the Court held that it had jurisdiction over the A Trust and Dr. and Mrs. Allen. Therefore, this issue will not be discussed further in this Memorandum and Order.

Lewis G. Allen and Deloris A. Allen, as individuals and not as trustees, have responded to the motion for summary judgment. They argue that they are not proper parties to the lawsuit between the A Trust and the United States. The Court, by its order of December 11, 1981, decided this issue against Lewis G. Allen and Deloris A. Allen, and this issue will not be further discussed in this Memorandum and Order.

The Court has before it the arguments of both parties and is prepared to rule on the motion for summary judgment at this time. The Court finds that there are no facts in controversy, and that judgment may be entered at this time as a matter of law.

The Court finds that Lewis G. Allen and Deloris A. Allen, jointly, are liable to the United States in the amount of Forty-Three Thousand One Hundred Fifty-Five and 55/100 Dollars ($43,155.55), for taxes due and owing for the tax year 1973. The Court finds that Lewis G. Allen, individually, is liable to the United States in the amount of One Hundred Thirty-Six Thousand Fifteen and 65/100 Dollars ($136,015.65), for taxes due and owing for the tax year 1974. The Court further finds that the United States has a valid tax lien on the money in the Johnson County National Bank & Trust. The Court finds that the United States may foreclose its tax liens on the escrow funds held by the Johnson County National Bank & Trust. The Court finds that the purported conveyance from Dr. and Mrs. Allen to the A Trust was not effective, because the trust was invalid under state law.

Pursuant to Federal Rule of Civil Procedure 56, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Lewis G. Allen and Deloris A. Allen jointly filed a regular federal income tax return, Form 1040, for the taxable year 1973.

2. After an audit of the return described in paragraph one herein, the statutory notice of deficiency relative to the taxable year 1973 was sent to Dr. and Mrs. Allen on December 6, 1977.

3. Lewis G. Allen, individually, filed a regular federal income tax return, Form 1040, for the taxable year 1974.

4. After an audit of the return described in paragraph three herein, a statutory notice of deficiency was sent to Lewis G. Allen relative to the taxable year 1974.

5. Lewis G. Allen created the Lewis G. Allen Family Trust on August 18, 1975.

6. On that date, Lewis G. Allen purportedly transferred real and personal property to a trust in exchange for one hundred capital Beneficial Units of Interest [hereinafter BUI] in A Trust, which amount was the total number of BUIs in A Trust.

7. The real property purportedly transferred by Dr. Allen to A Trust included his family residence at 9800 Pflumm Road, Lenexa, Kansas.

8. Prior to the purported transfer of property to A Trust by Dr. Allen, Mrs. Allen transferred to Dr. Allen her interest in the real property at 9800 Pflumm Road, Lenexa, Kansas.

9. Dr. Allen received one hundred BUIs in A Trust, in consideration of his transfer of property to A Trust.

10. After receiving one hundred BUIs in A Trust, Dr. Allen gave fifty BUIs to Mrs. Allen in consideration of her prior transfer of property to Dr. Allen.

11. Upon creation of A Trust, Deloris A. Allen and H. Ivor Jones were appointed trustees of A Trust.

12. At the first meeting of the Board of Trustees of A Trust, held August 18, 1975, the day the trust was created, the trustees nominated, elected and appointed Dr. Allen to be a trustee.

13. Five days after creation of A Trust, H. Ivor Jones resigned as trustee, never having taken any action as a trustee, and this left Dr. and Mrs. Allen as sole trustees of A Trust.

14. Since the date that H. Ivor Jones resigned, Dr. and Mrs. Allen have been the sole trustees of A Trust.

15. On September 21, 1978, the Secretary of the Treasury made an assessment against Lewis G. Allen and Deloris A. Allen for unpaid federal income taxes for the taxable year 1973, plus interest. This assessment includes Thirty-Three Thousand Ninety-Eight and 67/100 Dollars ($33,098.67) in tax, and Ten Thousand Fifty and 88/100 Dollars ($10,050.88) in interest, totaling Forty-Three Thousand One Hundred Forty-Nine and 55/100 Dollars ($43,149.55).

16. On September 21, 1978, the Secretary of the Treasury made an assessment against Lewis G. Allen, individually, for unpaid federal income taxes for the taxable year 1974, plus interest. This assessment includes One Hundred Eleven Thousand Two Hundred Thirty-Five and 20/100 Dollars ($111,235.20) in tax, and Twenty-Seven Thousand One Hundred Four and 06/100 Dollars ($27,104.06) in interest, totaling One Hundred Thirty-Eight Thousand Three Hundred Thirty-Nine and 26/100 Dollars ($138,339.26).

17. Pursuant to §§ 6321 and 6322 of the Internal Revenue Code, 26 U.S.C. §§ 6321 and 6322, a lien for unpaid federal income taxes rose in favor of the United States against all property and rights to property belonging to Lewis G. Allen and Deloris A. Allen as of September 21, 1978, in the amounts of Forty-Three Thousand One Hundred Forty-Nine and 55/100 Dollars ($43,149.55), and One Hundred Thirty-Eight Thousand Three Hundred Thirty-Nine and 26/100 Dollars ($138,339.26), plus accrued interest, penalties, and other additions to tax according to law.

18. Notices of Federal Tax Lien relating to these liabilities were filed with the Register of Deeds, Johnson County, Olathe, Kansas, on December 5, 1978.

19. On January 24, 1979, Notices of Federal Tax Lien relating to these liabilities also were filed with the Register of Deeds, Johnson County, Olathe, Kansas, in the name of "Lewis G. Allen Family Trust" as nominee of Lewis G. Allen and Deloris A. Allen. These particular Notices of Federal Tax Lien related to real estate consisting of approximately twenty-two (22) acres of land located at 9800 Pflumm Road, Lenexa, Kansas.

20. On February 26, 1980, the Internal Revenue Service and the Lewis G. Allen Family Trust entered into an agreement, pursuant to 26 U.S.C. § 6325(b)(3), permitting property at 9800 Pflumm Road, Lenexa, Kansas, to be sold and the federal tax liens attaching thereto to be discharged. The agreement further provided that the claims of the United States to the property would be transferred to the proceeds of the sale of said property. The net proceeds were escrowed with the Johnson County National Bank & Trust with an escrow fund resulting in the sum of Two Hundred Thirty-Five Thousand Dollars ($235,000).

21. The purpose of A Trust, as described in the Declaration of Trust, is:

"The DECLARED PURPOSE of the Trustees of THIS TRUST shall be to accept rights, title and interest in and to real and personal properties, whether tangible or intangible, conveyed by the CREATOR hereof and GRANTOR hereto to be the corpus of THIS TRUST, so that he can maximize his lifetime efforts through the utilization of his Constitutional Rights; for the protection of his family in the pursuit of his happiness through his desire to promote the general welfare, all of which Lewis G. Allen feels he will achieve because they are sustained by his RELIGIOUS BELIEFS."

22. The Declaration of Trust provides:

"Trustees may do anything any individual may legally do in any state or country, subject to the restrictions herein noted...."

23. There are no restrictions on the trustees' power, but rather the Declaration of Trust provides:

"A Minute of Resolutions of The Board of Trustees authorizing what it is they determine to do or have done shall be evidence that such an act is within their power...."

24. The Declaration of Trust further states:

"The Trustees shall regard this instrument as their sufficient guide, supplemented from time to time by their resolutions ... covering contingencies as they arise and are recorded in the minutes of their meeting, which are the by-laws, rules and regulations of THIS TRUST."

25. Dr. Allen did not believe that there were any restrictions on the transfer of trust assets by the trustees.

26. Dr. Allen did not believe that A Trust placed any restrictions on his personal use of trust property.

27. Dr. Allen and his family lived at 9800 Pflumm Road, Lenexa, Kansas, before the purported transfer of that property to A Trust and continued to live there after the creation of the trust.

28. Dr. Allen never paid rent for the use of the real property and the residence which he used after the purported transfer to A Trust.

29. Dr. Allen and his family used the residence and real property he had purportedly transferred to A Trust in the same manner as they had used it prior to the transfer. They continued to use the property in this manner until February, 1980.

30. Dr. Allen has never paid rent for the use of personal property after it was purportedly transferred to A Trust.

31. Personal needs of Dr. and Mrs. Allen were paid for by advances from the trust.

32. Dr. Allen also created the Radiology Management Trust.

33. Radiology Management Trust leased office machines and equipment from A Trust for Four Thousand Dollars ($4,000) per month, and paid A Trust all fees generated by Dr. Allen's services as a radiologist in excess of the cost of operating the radiology office.

34. Radiology Management Trust did not pay Dr. Allen for his services.

35. Ownership of a BUI does not entitle the holder to legal title to or in the trust property, to any individual interest in A Trust, nor to any interest in the management of A Trust. Distributions were made to holders of BUIs solely at the discretion of the trustees.

36. During the first six months of A Trust's existence, nominal distributions were made, but since that time no distribution of income has been made to any holder of a BUI.

37. Certificates of Beneficial Interest in A Trust are non-transferrable except with permission of the trustees.

38. No person other than Dr. Allen or his family has ever held certificates of beneficial interest in A Trust.

## CONCLUSIONS OF LAW

1. For summary judgment to lie, the movant must demonstrate entitlement to summary judgment beyond a reasonable doubt. If an inference can be deduced from the facts whereby the nonmovant might recover, summary judgment is not appropriate. *Williams v. Borden, Inc.,* 637 F.2d 731, 738 (10th Cir.1980). The Court must construe the evidence, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion for summary judgment. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Summary judgment is not to be granted unless the evidence is clear to the point that there is no genuine factual issue upon which reasonable minds might differ. *Barber v. General Electric Co.,* 648 F.2d 1272, 1276 (10th Cir. 1981).

2. Lewis G. Allen and Deloris A. Allen are subject to the taxing power of the United States.

3. The assessment of a tax made by the United States is presumed to be correct, and a taxpayer bears the burden of demonstrating otherwise. *Doyal v. Commissioner of Internal Revenue,* 616 F.2d 1191 (10th Cir.1980).

4. Dr. and Mrs. Allen have raised no material issues of fact to dispute the assessment of tax liability against them for the tax years 1973 and 1974.

5. On September 21, 1980, a valid tax lien arose pursuant to §§ 6321 and 6322 of the Internal Revenue Code, 26 U.S.C. §§ 6321 and 6322, in favor of the United States against all property and rights to property belonging to Lewis G. Allen and Deloris A. Allen in the amounts of Forty-Three Thousand One Hundred Forty-Nine and 55/100 Dollars ($43,149.55) and One Hundred Thirty-Eight Thousand Three Hundred Thirty-Nine and 26/100 Dollars ($138,339.26), plus accrued interest, penalties, and other additions to tax according to law.

6. The United States seeks to foreclose its tax lien on the proceeds of the sale of property at 9800 Pflumm Road, Lenexa, Kansas, pursuant to 26 U.S.C. § 7403. Upon motion to foreclose a tax lien, the Court must turn to Kansas law to determine what property rights the delinquent taxpayers had in the subject property. *United States v. Hershberger,* 475 F.2d 677, 679 (10th Cir.1973).

7. The Court concludes that the Lewis G. Allen Family Trust fails to meet the essential requirements of a valid trust under Kansas law, and therefore the property at 9800 Pflumm Road, Lenexa, Kansas, purportedly transferred to the trust, is property of Lewis G. Allen, which is subject to a federal tax lien.

 Under Kansas law, an express trust implies the cooperation of three persons: (1) a settlor, or a person who creates or establishes a trust; (2) a trustee, or person who takes and holds legal title to the trust property for the benefit of another; and (3) a beneficiary, or a person for whose benefit a trust is created. An express trust has three necessary features: (1) an explicit declaration and intention to create a trust; (2) the lawful transfer of definite property made by a person capable of making a transfer thereof; and (3) a requirement to hold this property as trustee for the benefit of a beneficiary with directions as to the manner in which the trust property is to be applied. *Jennings v. Jennings,* 211 Kan. 515, 507 P.2d 241 (1973). A trust is not created, however, unless the settlor manifests an intention to impose upon the trustee duties which are enforceable in the courts. *Restatement,* Trusts, § 25. A trust is defined as a fiduciary relationship with respect to property, subjecting the person by whom the property is held to equitable duties to deal with it for the benefit of another. *Id.,* § 2.

 A trust involves the imposition of enforceable duties upon the trustee. No property can be the subject of a trust where its application to the purposes of the trust depends upon the absolute and unconditional discretion of the person in control of the property. A court of equity cannot direct what disposition a trustee may make of property if the property is given to him to dispose of as he chooses. Unbridled discretion in a trustee not only negates the necessary separation of legal and equitable ownership, but is also objectionable so far as the existence of a trust is concerned, by reason of the uncertainty it involves. *Restatement,* Trusts, § 125; *Ponzelino v. Ponzelino,* 238 Iowa 201, 26 N.W.2d 330 (1947).

 The Court finds that the alleged trust now before it is invalid because no enforceable obligation is imposed upon the trustees, and the trustees are given absolute unconditional discretion with respect to property which was transferred to the trust. The declared purpose of the trust was to accept rights, title and interests in real and personal property conveyed to the trust by Lewis G. Allen, so that Lewis G. Allen could maximize his "lifetime efforts through the utilization of his constitutional rights; for the protection of his family in pursuit of his happiness through his desire to promote the general welfare." The trustees are empowered to do anything which is legal in any state or country. There are no restrictions on the power of the trustees. The Declaration of Trust provides, "A Minute of Resolutions of The Board of Trustees authorizing what it is they determine to do or have done shall be evidence that such an act is within their power...." Furthermore, Dr. Allen's deposition reveals that he did not believe that there were any restrictions of trust assets by the trustees, nor did Dr. Allen believe that there were any restrictions on his personal use of trust property. Dr. Allen used trust property to pay his personal debts. Dr. Allen and his family lived at 9800 Pflumm Road, Lenexa, Kansas, before the purported transfer of that real estate to the trust, and continued to live there after the trust was created. Dr. Allen and his family never paid any rent for the use of the real property and the residence which he used after its purported transfer to the trust.

Because there is no attempt in the entire trust instrument to impose any enforceable

**158**

obligations upon the trustees, there is no trust created in regard to the property at 9800 Pflumm Road, Lenexa, Kansas, which any beneficiary is capable of enforcing. Lewis G. Allen's obvious purpose as creator of the trust seems to have been to avoid the tax laws of the United States. While the tax avoidance motive is not in itself objectionable, a motive to avoid the tax laws causes the court to resolve all doubts against the existence of a trust. *Morsman v. Commissioner of Internal Revenue,* 90 F.2d 18, 22 (8th Cir.1937), *cert. denied* 302 U.S. 701, 58 S.Ct. 20, 82 L.Ed. 542 (1937). For all practical purposes, Lewis G. Allen remained the owner of the real property at 9800 Pflumm Road, Lenexa, Kansas. Consequently, the Court has jurisdiction in this suit to foreclose the tax lien on the proceeds of the sale of that property and award them to the United States.

8. Because there was no A Trust, and Dr. and Mrs. Allen retained full beneficial enjoyment of the property, as well as holding the legal title to it, the property purportedly transferred to the trust remained property of the Allens subject to a federal tax lien under 26 U.S.C. § 6321. The United States, therefore, is entitled to foreclose its lien on the funds held in escrow by the Johnson County National Bank & Trust.

IT IS BY THE COURT THEREFORE ORDERED that judgment is hereby entered against Lewis G. Allen and Deloris A. Allen for outstanding tax liabilities in the amount of Forty-Three Thousand One Hundred Forty-Nine and 55/100 Dollars ($43,149.55), and against Lewis G. Allen in the amount of One Hundred Thirty-Eight Thousand Three Hundred Thirty-Nine and 26/100 Dollars ($138,339.26), plus interest and any applicable penalties which have accrued since February 1, 1980. IT IS BY THE COURT FURTHER ORDERED that the United States' motion for foreclosure of federal tax liens against the funds held in escrow by the Johnson County National Bank & Trust is hereby granted. The renewed motions of Dr. and Mrs. Allen, individually, to dismiss or in the alternative to take an interlocutory appeal from this Court's order of December 11, 1981, are hereby denied as moot, in light of this memorandum and order.

IT IS SO ORDERED.