**Lewis G. ALLEN, individually and as Trustee for the Lewis G. Allen Family Trust**

v.

**The UNITED STATES.**

No. 369–84T.

United States Claims Court.

Jan. 31, 1986.

Lewis G. Allen, pro se.

Jay G. Philpott, Jr., Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., James P. Anelli and Theodore D. Peyser, of counsel.

## OPINION ON MOTION FOR SUMMARY JUDGMENT

MEROW, Judge:

In this *pro se* action, Lewis G. Allen, a taxpayer, seeks actual damages in the amount of $321,269.45, plus statutory interest and punitive damages, for an alleged breach of contract and "fraudulent levy" by the government. Defendant has filed a motion for summary judgment. In support of defendant's motion, the government has set forth arguments addressing the jurisdiction of this court over plaintiff's claims. The government has also addressed the merits of plaintiff's breach of contract claim. In plaintiff's opposition to defendant's motion for summary judgment, he contends that genuine issues of material fact exist which would preclude the entry of summary judgment. Specifically, plaintiff alleges, as he similarly does in his complaint, that a question of fact exists as to whether defendant breached a February 22, 1980 agreement between the parties. Plaintiff also reiterates certain averments of his complaint and contends that his constitutional rights have been violated and that the United States has perpetrated a fraud by illegally levying on plaintiff's escrow funds.

Upon consideration of the entire record, it is concluded that defendant's motion for summary judgment is meritorious and shall be granted, and that plaintiff's complaint shall be dismissed for the reasons set forth herein.

### Background

The present dispute involves the government's enforcement of a levy upon certain escrow funds. The escrow funds have been the subject of a series of lawsuits brought by plaintiff in the federal courts located in the state of Kansas.

Defendant has submitted with its motion for summary judgment an uncontroverted affidavit which states, *inter alia*, that on April 20, 1983, pursuant to 26 U.S.C. § 6861, a jeopardy assessment was made by the United States against plaintiff, Lewis G. Allen, for unpaid income tax penalties

and statutory interest accrued to the date of assessment for tax years 1975 and 1976. The government asserts in its affidavit that all statutory and procedural requirements were followed in making the jeopardy assessment and in serving the notice of levy.

Prior to the jeopardy assessment, on April 22, 1980, plaintiff and defendant entered into an "Agreement For Transfer of Claims From Real Estate to Certain Proceeds of Sale and to Escrow Proceeds" (Agreement), whereby the Internal Revenue Service (IRS) agreed to release its liens on a twelve acre parcel of real estate so that the property could be sold unencumbered by IRS liens. Title to the twelve acre parcel was held in the name of the Lewis G. Allen Family Trust (Allen Trust). Pursuant to the agreement, the proceeds of the sale of the twelve acre tract would be placed in an escrow account with the Johnson County Bank and Trust Company (Johnson County Bank) and remain in escrow pending the outcome of a legal dispute between the United States and the Allen Trust concerning plaintiff's individual tax liabilities for the tax years 1973 and 1974. The dispute concerning plaintiff's tax liabilities was later resolved by a decision of the United States District Court for the District of Kansas. The district court held that the Allen Trust was invalid under Kansas law and that plaintiff was the legal owner of the property since the purported conveyance from plaintiff to the Allen Trust was found by the court to be invalid.[1] Pursuant to the district court's ruling, the escrow fund became subject to a tax lien. Federal income tax liens for the years 1973 and 1974 attached to the escrow fund held at the Johnson County Bank. The United States later foreclosed its tax liens on the escrow fund and levied on the fund for tax years 1973 and 1974. The April 20, 1983

jeopardy assessment was made under 26 U.S.C. § 6861 and defendant foreclosed its tax liens on the escrow funds to satisfy the jeopardy assessment for tax years 1975 and 1976. Subsequently, the United States District Court for the District of Kansas entered an order directing the Johnson County Bank to comply with the levy.[2] In response to a government motion, the district court's order was amended so that the escrow fund would be first used to satisfy plaintiff's outstanding tax liabilities for tax years 1973 and 1974, with the remainder to apply to plaintiff's 1975 and 1976 tax liabilities.

Plaintiff contends that, pursuant to the February 22, 1980 Agreement, the IRS released or waived any future claim to the escrow fund. It is assumed by this court that the levy on the 1975 and 1976 tax monies due form the basis for plaintiff's breach of contract and fraudulent levy claims.

Defendant argues in its motion for summary judgment that there has been no breach of contract, that this court lacks jurisdiction over plaintiff's fraudulent levy claim, and that the court does not have jurisdiction to consider claims against the named individual defendants.[3]

### Discussion

#### Jurisdiction

■ At the outset, this court holds in favor of defendant with regard to the question of jurisdiction to consider claims against the named individual defendants. This lawsuit was styled with the names of individual defendants Vernon E. Lewis, Robert S. Streepy, Clarence M. King, Jr., and James L. Gaunce, Jr. In addition, the Internal Revenue Service, Department of Justice, and United States were named as defendants.[4] Each one of the named indi-

---

1. *Lewis G. Allen Family Trust v. United States,* 558 F.Supp. 152 (D.Kan.1982), *aff'd Lewis G. Allen Family Trust v. United States,* No. 82–1709 (10th Cir. Oct. 27, 1982).

2. *United States v. Johnson County National Bank and Trust,* No. 83–2185A (Kan. May 25, 1983).

3. Although plaintiff filed his complaint with certain named individuals, including the United States as defendant, the court *sua sponte* has captioned subsequent documents with the "United States" as defendant.

4. The Department of Justice and the Internal Revenue Service are executive agencies of the

vidual defendants is listed in the caption of plaintiff's complaint in their official capacities. No specific allegations, other than each having the authority to bind the government, are made against any of the above-mentioned persons in either an individual or official capacity.

The court considers the United States as the only proper party named in this action. As stated by the United States District Court for the District of Kansas:

> It is apparent that this action is against the United States and only nominally against the individuals named. The general rule is that an action against an officer of the federal government, in his official capacity (which Allen alleges), is a suit against the sovereign. *Helton v. United States*, 532 F.Supp. 813, 819 (S.D.Ga.1982) (citing *Hawaii v. Gordon*, 373 U.S. 57, 58 [83 S.Ct. 1052, 1053, 10 L.Ed.2d 191] (1963)). This is true when the relief sought would "expend itself on the public treasury or domain." *Id.* [citing *Land v. Dollar*, 330 U.S. 731, 738 [67 S.Ct. 1009, 1012, 91 L.Ed. 1209] (1947) ]. Plaintiff seeks damages and a return of money paid to the IRS, and it is apparent that such an award would be paid by the government. Thus, the action is treated as one against the United States, and the individuals must be dismissed. *Cf. Yannicelli v. Nash*, 354 F.Supp. 143, 149 (D.N.J.1973). [Brackets in original.]

*Lewis G. Allen v. United States, Mem.* Nos. 83–2185, 83–2331, 83–2078 (Kan. Aug. 3, 1984).[5] Even if, as defendant notes, plaintiff's complaint were construed as a suit against the named federal officials outside of their official capacities, the suit, as to them, would still necessitate dismissal. Such suits against private parties are beyond the jurisdiction of this court. *United States v. Jones*, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90 (1889); *United States v. Sherwood*, 312 U.S. 584, 588, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941); *Bogard v. United States*, 209 Ct.Cl. 208, 213, 531 F.2d 988, 991 (1976). The United States Claims Court's jurisdiction is generally confined to money judgment suits against the United States. 28 U.S.C. § 1491. *See generally, United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *United States v. Mitchell*, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002 (1967).

### Breach of Contract

Plaintiff contends that defendant breached the February 22, 1980 Agreement whereby the IRS agreed to release its claims to specified real estate so that the property could be sold unencumbered by IRS liens. Plaintiff apparently takes the position that satisfaction of the 1975 and 1976 tax year deficiencies cannot be obtained by the United States from the escrow fund since the Agreement was drafted prior to any determination of liability for tax years 1975 and 1976 and prior to the levy by the government on the escrow fund. Plaintiff also argues that the language of the Agreement specifically precludes satisfaction of any claim against plaintiff for the tax years of 1975 and 1976.

The second clause on page 7 of the Agreement provides:

> IT IS FURTHER AGREED that by the execution hereof the I.R.S. does not waive any of its rights involving the above-described unpaid federal tax liabilities, nor is this agreement intended to satisfy the claims which the I.R.S. *may have* against Lewis G. Allen, Deloris A. Allen, and/or the "Lewis G. Allen Family Trust", or either of them. [Emphasis added.]

The court does not interpret the language of the Agreement to preclude any of the actions that the government has taken with regard to the escrow fund. In fact, the language of the Agreement leaves open the

United States government (5 U.S.C. §§ 101, 105) and as such are, in fact, for purposes of styling a lawsuit, the "United States." The individual agency need not be specifically named.

5. In addition, R.U.S.C.C. 10(a) provides that the United States shall be designated the party defendant in every case.

contingency that the full amount of any claims "which the IRS *may* have against [plaintiff]" might not be satisfied in full by the escrow fund. (Emphasis added.) Use of the word "may" in the Agreement does not mean "presently has." Rather, the word "may," as used in this instance, is interpreted as leaving open in the future additional claims against the plaintiff. Moreover, as the government has posited, the terms of the Agreement are consistent with its overall purpose, which was to provide for unencumbered liquidation of real property into an escrow fund until the dispute between plaintiff and defendant with regard to plaintiff's income tax liabilities was resolved with finality.

■ Plaintiff apparently also contends that defendant breached the February 22, 1980 Agreement by petitioning the United States District Court for the District of Kansas to seek relief for a failure to honor the government's levy on the escrow fund located in the Johnson County Bank. This contention lacks a reasoned basis, particularly in light of the express language and tenor of the Agreement which provides in part as follows:

> (2) The Johnson County National Bank and Trust Company is to hold the ESCROW FUND, plus all interest accruing thereon, until it receives written notification by the "Lewis G. Allen Family Trust" and I.R.S. as to how the ESCROW FUND is to be distributed, or until a court of competent jurisdiction determines the priority of these claimants in the ESCROW FUND.

The United States District Court for the District of Kansas, affirmed by the United States Court of Appeals for the Tenth Circuit and subsequent order by the district court,[6] laid the foundation for the lawful levy on the escrow fund for plaintiff's tax liabilities first for the years 1973 and 1974 with any remaining escrow monies to cover plaintiff's tax liabilities for 1975 and 1976. Such determinations by courts of competent jurisdiction are clearly within the purview of this Agreement. Accordingly, plaintiff's breach claim is meritless.

*"Fraudulent" Levy*

■ Plaintiff contends that the United States "fraudulently" obtained a levy on the escrow fund located in the Johnson County Bank. Defendant sets forth several arguments concluding that this court lacks jurisdiction over plaintiff's fraudulent levy claims. In summary, defendant argues that plaintiff's fraudulent levy claims are expressly barred by, *inter alia*, 28 U.S.C. §§ 7426(a)(1), 7429(a)(2), 7429(b) and 7429(e). In addition, defendant argues that since plaintiff, at the time defendant's motion was filed, had pending three consolidated claims in the United States District Court for the District of Kansas, the instant claim would be barred by 28 U.S.C. § 1500, which provides:

> The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

Defendant's arguments are well taken. However, there is a more basic reason to grant defendant's summary judgment motion and to deny plaintiff the relief sought. Plaintiff's complaint refers to fraudulent actions taken by defendant regarding the levy on the escrow fund. Since plaintiff is alleging that the government committed a "fraud" in a tortious context by obtaining a levy by fraud, this court is statutorily barred from considering this aspect of plaintiff's claim. The Claims Court does not have jurisdiction to render judgments upon claims solely sounding in tort. 28 U.S.C. § 1491. An action for "wrongful levy" may be brought in a district court of

---

6. *Lewis G. Allen Family Trust v. United States,* 558 F.Supp. 152 (D.Kan.1982), *aff'd Lewis G. Allen Family Trust v. United States,* No. 82–1709 (10th Cir. Oct. 27, 1982); *United States v. Johnson County National Bank and Trust,* No. 83–2185 (D.Kan. May 25, 1983).

the United States and, as the record shows, plaintiff has already pursued this course.

For the reasons stated above and after considering defendant's uncontroverted arguments as set forth previously, this court concludes that it lacks a jurisdictional basis to consider plaintiff's fraudulent levy claims.

### Conclusion

Based on the foregoing discussion, as there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law, defendant's motion for summary judgment is granted.[7]

It is ORDERED that final judgment be entered dismissing plaintiff's complaint, with each party to bear their own costs.

---

7. Because of this dismissal, plaintiff's filings subsequent to defendant's motion for summary judgment are moot.